Case No. 8,063.

The LANGDON CHEVES.

[2 Mason, 58.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1819.

PRIZE—CUSTODY FEES—TO WHOM CHARGEABLE—SEAMEN'S WAGES—ILLEGAL VOYAGE—PAID BY OWNER.

1. Custody fees will, in the first instance, be paid out of the proceeds in court, on application of the party entitled to them. But in cases of condemnation, they are chargeable on the claimant, as a part of the taxable costs.

[Cited in U. S. v. Seven Barrels Distilled Oil, Case No. 16,253.]

[1] [Reported by William P. Mason, Esq.]

2. Seamen's wages on an illegal voyage are no lien on the vessel. Where a service is made, and the vessel delivered on bail, the lien of the seamen on the vessel is not discharged; the owner takes her, cum onere. The wages, if paid by the owner, are no longer a lien on the vessel; and in no case of a delivery on bail, are they a charge on the proceeds brought into court, after condemnation.

[Distinguished in The Haytian Republic. 57 Fed. 509; Id., 59 Fed. 478, 8 C. C. A. 182.]

[The brig Langdon Cheves sailed from the United States on a voyage to Lisbon, with a cargo of provisions, in May, 1813, and was captured by a British vessel, and sent into Bermuda. After a detention of about six weeks, she was permitted to proceed on her voyage. On the return voyage from Lisbon with a cargo of salt, she was, on her arrival at Newport, seized by the collector of that port as forfeited to the United States jure belli, for using a British license, and trading with the enemy. There was a decree of condemnation by the circuit court. Upon appeal this decree was affirmed by the supreme court. 4 Wheat. (17 U. S.) 103.]

This cause now came on, to be further proceeded in, according to the mandate of the supreme court. The vessel had been delivered on bail for the appraised value; and after the final decree of condemnation, the amount of the appraised value was paid into court. Several questions were now made at the bar. 1. Whether the fees and charges for the custody of the vessel, before delivery on bail, were to be a charge on the proceeds in court, or were a part of the costs to be paid by the claimant [Lamb]. 2. Whether the seamen's wages for the voyage, (which had been paid by the owner,) were not a charge on the proceeds in court as a privileged lien.

Mr. Robbins, Dist. Atty., for the United States.

Mr. Hunter, for claimant.

STORY, Circuit Justice. In favour of the party entitled to the fees of custody the court will certainly upon his application order them in the first instance to be paid out of the proceeds in court. He has an equitable lien on them for his charges incurred about the property. But these fees are properly and ultimately chargeable against the claimant in cases of condemnation.—They are a necessary part of the costs incurred in consequence of the claim and are therefore to be taxed against him. As to the seamen's wages; in the first place in an illegal voyage, like the present, no wages are payable, or can be recovered in any court of law; and the owner cannot by a voluntary payment put himself in a better situation than the seamen; and a fortiori in the present case where he is dux fraudis. In the next place, supposing the seamen had a legal lien, that lien was discharged by the owner, and by paying his own debt, he cannot claim to be the assignee of that lien, or substitute a

new one in its stead. In the next place, by the delivery on bail the owner took the vessel cum onere; and she still remained in his hands liable to all the liens legally attaching on her. Suppose a mortgage on the vessel, would the owner after a seizure and delivery on bail, take her discharged of his own debt? Or could the mortgagee claim out of the appraised value the amount of his mortgage? All principle and all policy are against such a claim. In every view of the case therefore the law is hostile to the claimant's pretension. Claim rejected.

---

The LANGDON CHEEVES. See Case No. 8,-064.