### THE KING *vs.* HENRY BRADLEY.

THE OFFENSE OF SMUGGLING OPIUM is punishable only according to Chapter LVI, of the Laws of 1874, Section 1, and Chapter LXIII, of the Laws of 1876, and not under the general law against smuggling, *i. e.* Chapter LXX, of the Penal Code.

Opinion of the Court by HARRIS, C. J.

The defendant was indicted at this term of the Court for having smuggled into the port of Honolulu one hundred and forty-nine tins of opium without paying or securing to pay the duties thereon, to which accusation a plea of guilty was entered.

When the accused came up for sentence, it was suggested that there was no discretion left to the Court as to whether the punishment should be fine or imprisonment; but that, by force of the law, Chapter LVI of the Session Laws of 1874, entitled "An Act to restrict the importation and sale of opium," the penalty must be imprisonment, and imprisonment only, with or without hard labor.

On the other hand, it was contended by counsel for the respondent that the respondent had been indicted for smuggling, and that the intent of the "Act to restrict the importation and sale of opium," was not to alter, abolish or amend the first section of Chapter LXX of the Penal Code, which enacts that any person who shall be "convicted of the misdemeanor of smuggling shall be fined not less than *fifty* nor more than *one thousand dollars,* or imprisoned at hard labor not more

than *two years*, in the discretion of the Court;" and that, therefore, the Court might impose the alternative penalty of a fine.

Chapter LVI of the Session Laws of 1874, Section first, reads as follows: The importation of opium into this Kingdom, except as authorized by Section second of this Act, is hereby strictly prohibited; and whoever shall import, sell, give, or furnish opium or any preparation thereof, to any person in this Kingdom, except as provided in said Section second, shall be imprisoned for a term not more than *two years*, with or without hard labor, in the discretion of the Court; and Section fifth of the same Act enacts that " Nothing in this Act shall be construed to exempt any person or vessel from the pains and penalties prescribed by the laws of the Kingdom against smuggling.",

Now it is argued by the respondent that by force of the last quoted section, he is liable for smuggling, and, therefore, the Court may exercise its discretion under Chapter LXX of the Penal Code.

The first section of the last mentioned chapter defines smuggling to be the importation, etc., of any goods, wares or merchandise subject to duty without paying or securing the payment of each duty.

The ordinary definition of smuggling is: " The offense of importing *prohibited* articles, or of defrauding the revenue by the introduction of articles into consumption without paying the duties chargeable thereon." Wharton's Law Dictionary *et passim*.

There are other penalties for the offense of smuggling provided by Chapter LXX of the Penal Code, beside the fine or imprisonment, and it appears to us that the force of the fifth section of the Statute of 1874 is to say, that notwithstanding that opium is now prohibited, it is still an object of smuggling, and to enlarge the definition of the statute in that respect, so as to make it that the introduction of this prohib-

The King *v.* Henry Bradley.

ited article is to be known as and termed "Smuggling." But the will of the Legislature manifestly is, that the pecuniary penalty is to be taken away or abolished, and the only penalty is to be imprisonment; in other words, the Legislature has seen fit to treat the importation of this article, not as a fraud upon the revenue, which may be expiated and atoned for by a pecuniary penalty, but as an injury to the public health, by the introduction of a noxious drug.

They in effect say that you shall not consider the introduction of this drug as a matter of profit or loss; as a business by which you stand to win a large sum or lose a considerable sum on being detected; but if you engage in the business, you shall be punished for it; and whether you be rich or whether you be poor you shall be punished in the same manner, by being deprived of your liberty, which may be said to be equally valuable to the rich and to the poor, or may in some sense be said to be more valuable to the rich than to the poor.

Undoubtedly the Police Magistrate deemed this a very grave offense, and that a punishment greater than a fine of five hundred dollars ought to be inflicted, since his jurisdiction would have extended to a fine of five hundred dollars under Section 29 of the chapter above quoted; and in this estimate of the offense, undoubtedly the public sentiment concurs, as is made evident by the enactment of the Legislature.

But we are of the opinion that this offense of "Smuggling opium" is punishable under the first section of Chapter LVI of the Session Laws of 1874, and under that alone; and Chapter LXIII of the Session Laws of 1876 (An Act to amend Chapter LVI of the Session Laws of 1874), enacts that "The several Police and District Courts of the Kingdom are hereby invested with the authority to try and determine *all* cases arising under this law."

This case is, therefore, remitted to the Police Court of Hono-

lulu, and the Police Magistrate of Honolulu is instructed to pass sentence.

Attorney General Preston for the Crown.

J. M. Davidson for defendant.

Honolulu, January 13, 1879.