JOSEPH W. PUSHOR *vs.* VILLAGE OF MORRIS.

Submitted on briefs May 1, 1893. Decided May 22, 1893.

**Effect of the Repeal of a Special Law.**

> By the repeal, in 1893, of Sp. Laws 1889, ch. 273, establishing the *town* system of caring for the poor in Stevens county, the *county* system was re-established.

**The Repealing Law was Valid.**

> The law repealing the prior special law was not unconstitutional.

Appeal by plaintiff, Joseph W. Pushor, from an order of the District Court of Stevens County, *C. L. Brown,* J., made March 27, 1893, sustaining a demurrer to his complaint.

The plaintiff furnished certain poor persons residing in the Village of Morris with necessaries, and brought this action against the Village to recover the value of the food and clothing so furnished. The defendant, the Village of Morris, demurred to the complaint, and it was stipulated between the parties that the only question involved was whether or not the Village was liable for the support of the poor, residing therein since the repeal of Sp. Laws 1889, ch. 273, by Laws 1893, ch. 249. The trial court held the Village was not liable, that the township system of caring for the poor was no longer in force in that county.

*Charles B. Marvin* and *S. A. Flaherty,* for appellant.

*Wm. C. Bicknell,* for respondent.

DICKINSON, J. By this appeal a decision is sought as to the construction and effect of certain legislation, as respects the question whether at this time the care of the poor in the county of Stevens is a duty resting upon the county, or whether that duty rests upon the towns and villages. It is conceded that prior to the legislation of 1889 the county system of caring for the poor, as provided by the General Statutes then in force, 1878 G. S. ch. 15, prevailed in this county.

By Sp. Laws 1889, ch. 273, (approved April 22d,) "each town and incorporated village" in the counties of Stevens and Grant were charged with the duty of the support of the poor in such towns and villages. This may be designated the "*town* system."

Laws 1889, ch. 170, (approved April 23d,) contained provisions relating both to the county system and the town system, and authorized any county to change from one to the other in a manner prescribed by that law. By section 1 of this act, *each county was charged with the care of the poor residing therein,* as provided by 1878 G. S. ch. 15, "*unless otherwise provided by law.*" By section 15 it was provided that "all counties in this state which are now under the town system of caring for the poor shall so continue, unless the said system shall hereafter be changed in accordance with the provisions of this act."

By Laws 1893, ch. 249, approved March 11th, the above special law relating to Stevens and Grant counties, (chapter 273,) was, in terms, repealed.

The effect of this legislation was as follows:

(1) The town system was established in this county by the special act of 1889.

(2) The general act of the same year (Laws 1889, ch. 170) left it still in force; it being apparent from the provision in section 15 that it was not intended by that act to change the system already established in any county.

(3) Upon the repeal of the special law, in 1893, the provision in section 1 of the general law of 1889 became applicable to this county, making the support of the poor a county charge; for, in respect to this county, it then ceased to be "otherwise provided by law." If this was not the purpose and effect of the repealing act, it had no practical effect. Even without that repeal the county might have changed from the town system to the county system in the manner prescribed by the general law of 1889.

The repealing act of 1893, ch. 249, was not inhibited by the amendment in 1891 of section 33, art. 4, of the constitution. That amendment expressly authorized the legislature to "repeal any existing special or local law."

Order affirmed.

VANDERBURGH, J., absent.

(Opinion published 55 N. W. Rep. 143.)