# IN THE MATTER OF THE BRITISH SCHOONER HENRIETTA.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED MARCH 19, 1896.          DECIDED APRIL 7, 1896.

JUDD, C.J., FREAR, J., AND W. A. KINNEY, ESQ., OF THE BAR, IN PLACE OF WHITING, J., DISQUALIFIED.

Opium is an article capable of being smuggled within the meaning of Section 655 of the Civil Code, which defines smuggling as the importation of goods *subject to duty*, notwithstanding Act 12, Prov. Gov't Laws, which *prohibits* the importation of opium except by the Board of Health, but which also provides that nothing in the Act shall be construed to exempt any person or vessel from the pains and penalties against smuggling.

The repeal of an Act which merely excepts a particular class (as opium and preparations thereof) from the provisions of a prior general law (as the "drugs and medicines" clause of the tariff laws), which continues in force, operates to bring that class again under the general law.

A master's claim for articles as his personal property is disallowed, the articles being appropriate for the safe navigation of the vessel, and a receipted bill for one of them against the vessel and its owners being found on board.

Seamen's wages are disallowed, the voyage being illegal, and the seamen not appearing to be innocent of the illegality.

OPINION OF THE COURT BY FREAR, J.

This is a libel in admiralty for the forfeiture of the British schooner Henrietta, her boats, tackle, apparel and furniture, and sixty cases and packages containing 3730 tins of opium

or preparation thereof, weighing 1398 pounds, under Section 655 of the Civil Code relating to smuggling.

The master of the schooner in behalf of the owner thereof, answered, admitting as alleged in the libel, that the schooner is registered under the laws and flag of Great Britain and hails from Victoria, British Columbia; that she arrived at Keau, Oahu, within this Republic, December 21, 1895, with said opium on board, and without the consent or authority of the Hawaiian Board of Health or any other person legally authorized to bring the same or permit the same to be brought into this Republic, but denied that the same was smuggled into the Republic, solely on the alleged ground that opium is not an article capable of being smuggled within the meaning of the statute.

The master also filed on his own behalf a claim for certain articles as his personal property, namely, 1 chronometer, 1 pistol, 2 sextants, sundry maps, epitome of navigation, nautical almanac, parallel ruler and dividers, 1 pair marine glasses and clothing.

The crew of five men also filed a claim for wages amounting to from $30 to $50 for each.

The Circuit Judge, from whose decree this appeal is taken, disallowed the claim for wages, allowed the master's personal claim only as to his clothing, the marine glasses and the pistol, and condemned the schooner, her boats, tackle, apparel, and furniture and the opium.

As to the schooner and opium, the only question presented is whether under our statutes opium is an article capable of being smuggled.

The principal argument for the negative of this question is, that Act 12, 1893, Provisional Government Laws, which *prohibits* the importation of opium except by the Board of Health, repealed, as inconsistent therewith, the clause in the general tariff laws which imposed a duty on opium, and thereby removed opium from the operation of Section 655 of the Civil Code, which limits smuggling to the importation of goods

"*subject to duty*, without paying or securing the payment of such duty."

This question cannot now be considered as if raised for the first time. Ch. 56, Laws of 1874, in so far as it bears upon this question, was identical with Act 12, Provisional Government Laws, now under consideration. In construing this Act of 1874 in connection with the general tariff law, the court held in the case of the *Kalakaua*, 4 Haw. 325, that opium was still within the purview of Section 655 of the Civil Code, and affirmed the decree condemning the libeled vessel and opium. It is true the court did not state its reasons for so holding further than to say that the questions of law raised had been settled in former cases. But the question was necessarily involved and was in fact raised by the claimant's counsel, as appears by reference to their brief on file in the case. An examination of the former cases referred to discloses that two views had been taken by the court, first, that the Act of 1874, as shown by both its title and its body was merely restrictive and not prohibitive, and, therefore, left opium still dutiable, and, secondly, that, whatever the effect of the Act was upon the duty, it was manifestly intended by the legislature that opium should remain a subject of smuggling, the effect of the Act, if regarded as prohibitive and not merely restrictive, having been to enlarge the definition of smuggling, so far as opium was concerned, so as to include prohibited as well as dutiable articles. Such intention was inferred from Section 5 of the Act, which is found repeated as Section 8 of Act 12, Provisional Government Laws, as follows: "Nothing in this Act shall be construed to exempt any person or vessel from the pains and penalties prescribed by the laws of the Hawaiian Islands against smuggling." The first of these views was taken in the case of the *Mary Belle Roberts*, 3 Haw. 823, in which the vessel and opium were condemned. The second view was taken in *The King v. Bradley*, 4 Haw. 187, a criminal prosecution against a person. Both views were set forth in the opinion

(not reported) of the trial justice in the "Mary Belle Roberts" case.

In view of these decisions and the further fact that Act 12, Provisional Government Laws, must be presumed to have been enacted in the light of these decisions and with the intention that it should be construed as the former similar Act of 1874 had been construed, we must regard it as settled beyond review that opium is still a subject of smuggling.

It is, however, argued that the statutory conditions are not the same as they were when the former decisions were rendered, for the reason that Act 110, Laws of 1892, which permitted the importation of opium, by licensees and the Board of Health, free of duty, and by physicians, chemists and apothecaries subject to a duty of 100 per cent. and prohibited it as to all others, repealed, as inconsistent therewith, the previously existing duty of 10 per cent. on opium, for there would no longer be any one to pay the 10 per cent. duty—not even the Board of Health as under the Act of 1874—and, that although this Act (110) was repealed by Act 12, Provisional Government Laws, the latter did not re-enact the duty upon opium either expressly or by implication, for (Civ. Code, Sec. 20) the repeal of a repealing law does not revive the original law. A sufficient answer to this argument is, that under the tariff law (Ch. 25, Laws of 1892) opium was dutiable not as such specifically but as coming under the general "drugs and medicines" clause and that the effect of Act 110 was therefore not to repeal this clause but merely to except opium from its operation. Consequently when the exception was removed the general clause which was in force all the while would again necessarily include opium. *Smith v. Hoyt*, 14 Wis. 252; *Bank v. Collector*, 3 Wall. 495.

As to the personal claim of the master, no sufficient reason is shown for disturbing the decree appealed from. The articles disallowed are all such as are appropriate for the safe navigation of the vessel. A receipted bill found on board against the vessel and her owner for the chronometer would further tend

to show that these articles were part of the furniture of the vessel. There is nothing but the master's sworn claim to the contrary.

As to the claim for seamen's wages, the voyage being illegal and it not appearing that the seamen were innocent of the illegality, their claim cannot be allowed. *The St. Jago de Cuba,* 9 Wh. 409; *The Langden Cheves,* 2 Mason 58; *The Schooner Mary,* 1 Sprague, 205.

The decree appealed from is affirmed.

*W. O. Smith, Attorney-General,* for libellant.

*Hartwell, Thurston & Stanley,* for claimants.