TERRITORY OF HAWAII, FOR THE USE AND BEN-
EFIT OF THE COUNTY OF MAUI, *v.* EDMUND
H. HART, W. L. DECOTO, PATRICK COCKETT,
F. F. BALDWIN AND W. T. ROBINSON.

TERRITORY OF HAWAII, FOR THE USE AND BEN-
EFIT OF THE COUNTY OF MAUI, *v.* EDMUND
H. HART, W. T. ROBINSON AND A. GARCIA.

No. 971.                                        ○

ERROR TO CIRCUIT JUDGE, SECOND CIRCUIT.

HON. W. S. EDINGS, JUDGE.

ARGUED DECEMBER 11, 1916.          DECIDED DECEMBER 15, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

STATUTES—*construction—repeal of special provision.*
    Where a statute prescribes a special rule applicable to a cer-
    tain class and there is another statute which prescribes a general
    rule applicable to all but the excepted class the repeal of the
    special statute will render the general statute applicable to the
    class formerly excepted.
SAME—*application of new remedy for enforcement of pre-existing right.*
    A statute relating to procedure and giving a new and additional
    remedy may be applied to the enforcement of the obligation of
    a contract which was entered into prior to the enactment of the
    statute.
OFFICERS—*official bonds—clerks of circuit courts.*
    After the repeal of section 60, Chap. 57, S. L. 1892, circuit judges
    were authorized to require the clerks of their respective courts to
    give bonds for the faithful performance of their duties under the
    act of October 4, 1894 (R. L. 1915, Sec. 150) and upon breach
    of condition thereof the obligation could be enforced by the sum-
    mary procedure authorized by section 149, R. L. 1915.

OPINION OF THE COURT BY ROBERTSON, C.J.

The Territory, for the use and benefit of the county of

Maui, filed in the court below two motions of the same purport praying that it be permitted to prove breach of condition of two bonds given by the respondent Hart for the faithful performance of his duties as clerk of the circuit court of the second judicial circuit, and that judgment for the amount of the resulting damage be entered against said Hart and his sureties, the other respondents. The procedure is that authorized by R. L. 1915, Sec. 149. In one motion it was alleged that Hart was appointed clerk of said court on August 1, 1911, by Hon. S. B. Kingsbury, then judge of said court, and in compliance with the requirements of the law and of said judge gave a bond in the form prescribed by statute for official bonds (R. L. 1915, Sec. 139) with the respondents Decoto, Cockett, Baldwin and Robinson as sureties; that during the continuance in office of said Hart and the term of said bond said Hart failed to pay over and account for certain moneys which came into his possession by reason of his office; and that though demand had been made upon the respondents for the amount of their liability under the bond they had failed to make payment. In the other motion it was alleged that Hart was appointed to said office on September 1, 1914, by Hon. W. S. Edings, judge of said court, and that the sureties on the bond given at that time were the respondents Robinson and Garcia. In the one case the respondent Robinson and in the other case the respondents Robinson and Garcia interposed a plea to the jurisdiction. The grounds of each plea were, in substance, that the proceeding was based on a bond the making of which was not required by law; that there is no provision of law permitting or requiring the giving of official bonds by clerks of the circuit courts; and that the proceeding is an attempt to sue upon a contract for more than twenty dollars without preserving to the respondents the right of trial by jury as required by the Seventh Amendment of the Constitution. The pleas, which

were heard together, were sustained by the circuit judge, and the Territory brings the matter here upon writ of error.

The proceedings evidently were commenced upon the theory that the bonds in question were authorized by section 150 of the Revised Laws which reads as follows:

"In every case where bonds for the faithful performance of duty are not required by law of officers or employees in any department or bureau of the Territory, the head of the department or of the bureau, as the case may be, may require every such officer or employee to give a bond for the faithful performance of his duties."

That provision was originally enacted on October 4, 1894, at a time when there was in force a special provision requiring the giving of bonds by the clerks of the supreme and circuit courts (S. L. 1892, Ch. 57, Sec. 60). And the first point sought to be made by counsel for the defendants in error is that the enactment of 1894, as shown by its wording, was not intended to apply to clerks of court since they were dealt with in the special provision referred to, and as such clerks were not within the purview of section 150 when it was first enacted they must be held to be not within its purview now notwithstanding that the provision of 1892 (R. L. 1905, Sec. 1682) was expressly repealed by Act 84 of the Session Laws of 1911. The contention is that since then there has been no statute authorizing the requiring of bonds of the clerks of the circuit courts. In view of the allegation that the bonds in suit were required by the circuit judge we will not inquire whether they could have been required, or might be regarded as having been required, by the governor under section 145 or by the chief justice under section 143 of the Revised Laws. The special provision of the act of 1892, while it remained in force after the enactment of the general provision of 1894, in effect constituted an exception to the general provision. And the rule is that "Where a provision which excepts a class or specified locali-

ties from the operation of the act is repealed, the law operates generally over the excepted class or localities." 1 Lewis' Sutherland, Stat. Con. (2nd ed.) Sec. 295. *Pushor* v. *Morris,* 53 Minn. 325; *Grand Isle* v. *Milton,* 68 Vt. 234; *Smith* v. *Hoyt,* 14 Wis. 273; *In re Schooner Henrietta,* 10 Haw. 241, 244. This is not the reviving of a repealed statute in contravention of section 20 of the Revised Laws. *In re Schooner Henrietta, supra; Pepin Tp.* v. *Sage,* 129 Fed. 657; *Dykstra* v. *Holden,* 151 Mich. 289. It undoubtedly was the view of the legislature when, in 1911, it repealed the enactment of 1892, that the elaborate and detailed act of 1905 as amended in 1907 and 1909, now sections 138 to 149 of the Revised Laws, and the act of 1894, which remained in force, so fully and completely covered the entire subject of official bonds, that the special provision of the 1892 act was no longer necessary. The object of this legislation to require the giving of bonds by certain principal officers and to authorize their being required from any or all subordinate officers is so obvious that there is no room for a supposition that the clerks of the circuit courts whose duties, after as well as prior to the repeal of the provision of 1892, included the receipt of moneys, could not be required to give bonds for the faithful performance of their duties. We hold that the circuit judge is the head of a "department or bureau," and that the clerk of his court is an "officer or employee" therein within the meaning of section 150 of the Revised Laws, and that the bonds in question could properly have been required to be given by the clerk as, it is alleged, they were required and given.

The next contention which has been urged on behalf of the respondents is that even if the taking of these bonds was authorized by the act of 1894, the summary procedure upon breach of condition authorized by section 149 does not apply to them because at the time of the first enactment of that section (1905) it applied only to bonds given in accord-

ance with the provisions of the statute of which it was a part and it is only since the enactment of the revision of 1915 that it could be held to apply to bonds given pursuant to the act of 1894, and that these bonds, as stated, were executed prior to 1915. The contention is not sustained. The enactment of the revision of 1915 included the act of 1894 with section 149 in chapter 17 of the revision and made the summary remedy applicable to all bonds "prescribed or authorized" by that chapter, and there is no legal obstacle to its application to these bonds if, as alleged, their conditions have been broken, even though they were executed previously. A provision in the act of 1907, amendatory of the act of 1905 (R. L. 1915, Sec. 143), prescribed that "whenever by law otherwise than in this act it is provided that any officer, clerk, assistant officer or other employee in any office or department of the government give an official bond such officer, clerk, assistant officer or other employee shall hereafter execute such bond under and in accordance with and in the form provided by this act." The form referred to provides for a clause that in the event of a breach of condition the obligation "may be enforced in any manner or by any proceedings authorized by law," and the bonds in suit contain that clause. This would seem to authorize the application of such new remedy as might have been provided by statute. It is well settled that a statute giving an additional remedy to the party entitled to performance of a contract which does not take away any substantial right of the other party does not impair the obligation of the contract sought to be enforced. *Bernheimer* v. *Converse,* 206 U. S. 516, 530. "Where a new statute deals with procedure only, *prima facie* it applies to all actions—those which have accrued or are pending, and future actions. * * * A remedy may be provided for existing rights, and new remedies added to or substituted for those which exist." 2 Lewis' Sutherland, Stat. Con. (2nd ed.) Sec. 674. See also *Bierce*

v. *Waterhouse,* 219 U. S. 320; *Coosa River S. Co.* v. *Barclay,* 30 Ala. 120; *Straw etc. Co.* v. *Kilbourne B. & S. Co.,* 80 Minn. 125; *Persons* v. *Gardner,* 59 N. Y. S. 463. The rule was applied in an early case in Alabama, *Wheat* v. *State,* Minor (Ala.) 199, where a summary proceeding was brought to enforce the condition of a tax collector's bond, the bond having been given before the passage of the statute under which the proceeding was instituted. We hold that the procedure authorized by section 149 applies to the bonds here involved.

What has been said disposes of the point raised by the pleas that the respondents are entitled to a trial by jury as to their liability, counsel having conceded that if it should be held that the bonds were authorized by law and subject to the summary procedure provided by the statute, the proceedings were properly brought. A statutory proceeding for the enforcement of the obligation of an official bond is not a suit at common law within the meaning of the Seventh Amendment. 27 Am. & Eng. Enc. Law 378; 15 Enc. Pl. & Pr. 166.

The orders sustaining the pleas to the jurisdiction are reversed, and the cases remanded to the circuit judge for further proceedings.

*E. R. Bevins,* County Attorney of Maui, for plaintiff in error.

*Lorrin Andrews* (*Andrews & Pittman* on the brief) for defendants in error.