## WILLIAM W. BIERCE, LIMITED, *v.* WATERHOUSE.

### ERROR TO THE SUPREME COURT OF THE TERRITORY OF HAWAII.

No. 508.　　Argued December 12, 1910.—Decided January 16, 1911.

This court disapproves of the practice, followed by an intermediate
appellate court in this case, of reversing a judgment on one of
a number of assigned errors without passing on the others; it is
likely to involve duplicate appeals.

Increasing the *ad damnum* of a suit in replevin to an amount within the
penalty of the bond by amendments to make the declaration con-
form to the evidence as to value is not, under the laws or practice of
Hawaii, illegal, nor does it have the effect of discharging the sureties.

The surety on a bond given in course of a judicial proceeding is repre-
sented in that proceeding by his principal, and becomes responsible,
to the amount of the penalty, for amendments allowed by the court
that do not introduce new causes of action.

A plaintiff suing in replevin is not estopped from showing that he

mistakenly undervalued the property sought to be recovered; and one becoming surety for performance of a judgment of the court in a pending suit is bound by the judgment against his principal to the limit of his obligation.

In the absence of fraud and collusion the question of value of property taken under replevin as found in the replevin suit cannot be relitigated in a suit against the sureties on the redelivery bond.

The effect of a petition for rehearing, if duly filed and entertained by the court, is to prevent the judgment from becoming final and reviewable until disposed of, and when disposed of, an appeal from the judgment is regulated by the statutes then in force, even if enacted after the original decision; and so held as to an appeal from the Supreme Court of Hawaii under the act of March 3, 1905.

Litigants and their sureties are subject to the power of the sovereign to extend the right of review and appeal pending litigation, and no fundamental rights are denied or contractual rights of the parties affected by the exercise of that power.

A redelivery bond is executed subject to such possible changes in the procedure as do not affect the contract, and under the law of Hawaii, as amended during the pendency of this litigation, the action against the sureties was properly brought.

In this case, as the evidence of tender of delivery was not unequivocal, the question of whether the property was actually restored was for the jury, and the charge being full and fair, there was no error.

18 Hawaii, 398, reversed.

THIS was an action for breach of the condition of a redelivery or return bond executed by the defendant to a certain replevin suit instituted in a Circuit Court for the Territory of Hawaii. The bond was in these words:

"Circuit Court, Third Circuit, Territory of Hawaii.
$1.00 stamp.

William W. Bierce, Limited, a Corporation, Plaintiff,

*v.*

Clinton J. Hutchins, Trustee.

Replevin.

Return Bond.

"Know all men by these presents:

"That we, Clinton J. Hutchins, trustee, as principal, and Henry Waterhouse and Arthur B. Wood, as sureties,

VOL. CCXIX—21

are held and firmly bound unto William Bierce Company, Limited, its successor or successors and assigns, in the sum of thirty thousand (30,000) dollars, for the payment of which, well and truly to be made, we bind ourselves, our successors herein and administrators, jointly and severally, firmly by these presents.

"The condition of the foregoing obligation is as follows:

"That whereas the said William W. Bierce, Limited, has begun in the Circuit Court of the Third Circuit of the Territory of Hawaii a replevin suit against Clinton J. Hutchins, trustee, to recover from him certain property specifically set forth in the bill of complaint filed in said suit, and of the value of $15,000, as stated in the affidavit filed therein, and has requested that the said property be taken possession of by the high sheriff of the Territory of Hawaii, or his deputies, and turned over to said plaintiff; and whereas said defendant is desirous of having said property returned and has required the return thereof from said high sheriff and his deputies:

"Now, therefore, if the said property and all thereof shall be well and truly delivered to said plaintiff, if such delivery be adjudged, and payment to said plaintiff be well and truly made of such sum as may for any cause be recovered against the defendant, then this obligation to be null and void; otherwise to be and remain in full force and effect.

"In witness whereof we have hereunto set our hands and seals this 21st day of July, A. D. 1903.

(Signed)          CLINTON J. HUTCHINS, *Trustee.*
(Signed)          HENRY WATERHOUSE, *Surety.*
(Signed)          ARTHUR B. WOOD, *Surety.*

The foregoing bond is approved as to its sufficiency of sureties.

Dated July 21, 1903.

(Signed)                              A. M. BROWN,
                                           *High Sheriff.*"

The replevin suit referred to was instituted July 20, 1903, by a corporation styled William W. Bierce, Limited, against Clinton J. Hutchins, trustee, and was for the recovery of certain railway material which had been conditionally sold to the Kona Sugar Company, another corporation. The property of the latter company, including this material, was acquired at a receiver's sale by Hutchins, trustee, with notice that the title had been retained by the Bierce Company, and that the property had not been paid for. The plaintiff's affidavit (Rev. Laws Hawaii, § 2102) stated the value of the material which it was sought to reclaim at $15,000, and a bond in double that sum was duly executed with the usual conditions of such replevin bonds. The defendant Hutchins thereupon, in order to retain possession of the material claimed, executed a redelivery or return bond under § 2112, Rev. Laws Hawaii, being the bond upon which the present action is based.

The replevin suit resulted, on March 19, 1904, in a judgment for the plaintiff and against the defendant Hutchins, trustee, for the return of the property and damages for its detention, or in default of return, that the defendants pay the value of the property, which was adjudged to be $22,000.

Inasmuch as the defense by the surety in the action upon the return bond referred to grows in part out of matters which were litigated in the replevin suit, we must state somewhat fully the proceedings in that action. That case, upon a bill of exceptions, was taken to the Supreme Court of Hawaii. Certain of the exceptions taken by the defendant Hutchins were sustained in a judgment rendered January 28, 1905, one of which was that the trial court had erred in not rendering judgment for the defendant *non obstante veredicto.* See *Bierce* v. *Hutchins*, 16 Hawaii, 418. A motion for a rehearing was disposed of in that court April 29, 1905 (see 16 Hawaii, 717). On May 6,

1905, a judgment was entered reversing the judgment of the Circuit Court, and remanding the case, with direction to render a judgment for defendant *non obstante veredicto*. Thereupon an appeal to this court was allowed, where the judgment of the Hawaiian Supreme Court was reversed, for the reasons appearing in the opinion reported in 205 U. S. 340, and the case remanded to that court. Thereupon the Supreme Court of Hawaii held that the defendant Hutchins was then entitled to have a hearing upon other exceptions not passed upon at the first hearing. These were therefore heard and overruled. 18 Hawaii, 374. An appeal from that judgment was taken to this court, and dismissed, as not from a final judgment. 211 U. S. 429.

Pending the review proceedings above referred to the plaintiff, upon cause shown, obtained a rule on the defendant Hutchins to give a new redelivery bond. Failing in this an execution issued to recover the property which the defendant had been directed to return, and for the damage for detention and costs. These damages, amounting to $1,050, and the taxed costs were paid and may be dropped from consideration. The sheriff returned that he was unable to obtain possession of the materials for which the action had been instituted, and therefore, returned the execution unsatisfied.

Pending the review proceedings already stated this action was begun against the obligors and the executors of Henry Waterhouse, one of the sureties upon the return bond given by Hutchins as stated. Wood, the other surety, was sued but was not found. Hutchins, for reasons immaterial, was dropped out. Upon the issue joined there was a verdict and judgment against the executors of Waterhouse for $22,000, the value of the property which the obligor had failed to return as required by the judgment in the replevin suit, that being the value adjudged in that action, together with interest and costs of former

actions not paid, the whole aggregating $28,156.74, for which there was judgment.

A bill of exceptions was taken from this judgment to the Supreme Court of Hawaii, which court, passing over the great majority of exceptions without ruling, sustained one which assigned error in the overruling of the motion of the defendant below for judgment *non obstante veredicto.*

The case having been remanded for judgment pursuant to the opinion and mandate, there was a judgment, notwithstanding the verdict for the defendant. This in turn was affirmed by the Supreme Court of the Territory, and the present writ is sued out to review that judgment.

*Mr. Frederic D. McKenney,* with whom *Mr. Henry W. Prouty* was on the brief, for plaintiff in error:

The lower court erred in ruling that the sureties were discharged by the amendments of the complaint in the replevin suit, increasing the alleged value of the property from $15,000 to $22,000. The amendments were properly made during the course of the trial by leave of court, in order to make the pleadings correspond with the proofs, and the *ad damnum* as increased was within the penalty of the bond. No new cause of action was introduced by the amendments, and the liability of the sureties was not thereby increased. Section 1145, Session Laws Hawaii, 1903, 366; Revised Laws Hawaii, 1905, § 1738; *Wood* v. *Denny,* 7 Gray, 540; *National Bank* v. *Jones,* 151 Massachusetts, 454; *Jamieson* v. *Capron,* 95 Pa. St. 15; *Hare* v. *Marsh,* 61 Wisconsin, 435; *Evers* v. *Sager,* 28 Michigan, 48, 52; *Merrick* v. *Greely,* 10 Missouri, 106; *Hanna* v. *International Petroleum Co.,* 23 Ohio St. 622; *New Haven Bank* v. *Miles,* 5 Connecticut, 587; *Carr* v. *Sterling,* 114 N. Y. 558; *Shepard* v. *Pebbles,* 38 Wisconsin, 373, 378; Cobbey on Replevin, § 1331; *Bradford* v. *Frederick,* 101 Pa. St. 445. To the same effect, see *Hocker* v. *Wood's Ex'r,* 33

Pa. St. 466; *Tracy* v. *Maloney*, 105 Massachusetts, 90; *Cutter* v. *Evans*, 115 Massachusetts, 27; *Knight* v. *Dorr*, 19 Pick. 48, 51; *Smith* v. *Mosby*, 98 Indiana, 445; *Schott* v. *Youree*, 142 Illinois, 233, 243; *Kennedy* v. *Brown*, 21 Kansas, 171; *Council* v. *Averett*, 90 N. Car. 168.

The condition of the bond was that the property should be delivered to said plaintiff if such delivery be adjudged, and payment to said plaintiff be well and truly made of such sum as may, for any cause, be recovered against the defendant. *Mason* v. *Richards*, 12 Iowa, 74; *Richardson* v. *Bank*, 57 Ohio St. 299, 308, 315. See also *Christiansen* v. *Mendham*, 61 N. Y. 326; *Waldrop* v. *Wolff*, 114 Georgia, 610, 620.

The case at bar is clearly distinguishable from an action on a replevin bond following a judgment of dismissal of the replevin suit for want of prosecution where there is no trial on the merits. See *Smith* v. *Mosby*, 98 Indiana, 445, 448; *Bridgeport Ins. Co.* v. *Wilson*, 34 N. Y. 275, 280; *Irwin* v. *Backus*, 25 California, 214; *Braiden* v. *Mercer*, 44 Ohio St. 339; *Heard* v. *Lodge*, 20 Pick. 53, 58; 2 Brandt on Surety, 3d ed., § 563.

A verdict in claim and delivery is conclusive against the sureties of the defendant in replevin. *Parish* v. *Smith*, 66 So. Car. 424; *Waldrop* v. *Wolff*, 114 Georgia, 610, 620; *Stovall* v. *Banks*, 10 Wall. 583; *Richardson* v. *Bank*, 57 Ohio St. 299; *Hiriat* v. *Ballon*, 9 Pet. 156; *Washington Ice Co.* v. *Webster*, 125 U. S. 426.

The refusal or failure of the territorial Supreme Court to pass upon the remaining grounds was equivalent to the denial or rejection thereof by that court, and in the absence of exception to such denial or rejection by the party aggrieved, should stand as the final disposition thereof, not open to review by this court.

Parties to contracts have no vested right to insist that legislatures, during the pendency of said contract or the continuance of rights and liabilities thereunder shall re-

frain from adding to or taking from statutory remedies theretofore provided for the enforcement of or defense against such rights and liabilities, if adequate remedy for such enforcement or the making of defense thereto, shall remain. *Brown* v. *New Jersey*, 175 U. S. 172; *Bronson* v. *Kinzie*, 1 How. 311.

Whether the suit on the return bond was brought against the executors prematurely, is solely one of local practice and procedure which the Supreme Court of the Territory, in so far as this case is concerned, has approved. Such matters of local practice and procedure in territorial courts are not open for review here.

The statute of limitations commences to run as against a right of action for breach of the conditions of a replevin or delivery bond from the date of the judgment for a return of the property, which in this case was March 19, 1904 (Rec. 34); Cobbey on Replevin (2d ed.), §§ 1209, 1311, 1313, 1314 *et seq; Hagan* v. *Lucas,* 10 Pet. 40; *Lovejoy* v. *Bright,* 8 Blackf. 206; *Evans* v. *King,* 7 Missouri, 411; *Lockwood* v. *Perry,* 9 Met. 444; *Burkle* v. *Luce,* 1 Comstock (N. Y.); 163; *McRea* v. *McLean,* 3 Port. (Ala.) 138; *Delay* v. *Yost,* 59 Kansas, 496.

*Mr. David L. Withington,* with whom *Mr. William R. Castle, Mr. A. W. Greenwell* and *Mr. Alfred L. Castle* were on the brief, for defendants in error:

The sureties were discharged by the amendments increasing the valuation of the property and the recovery of judgment for the increased amount.

The foundation of the ancillary proceeding in which the bond was given was an affidavit in which the plaintiff fixes the actual value, and the contract was entered into with reference to the value so fixed. *Anderson* v. *Hapler,* 34 Illinois, 436; *S. C.,* 85 Am. Dec. 318; *Bardwell* v. *Stubbert,* 17 Nebraska, 485; *S. C.,* 23 N. W. Rep. 344; *Ah Leong* v. *Kee You,* 8 How. 416, 418; *Achi* v. *Alapai,* 9 Hawaii, 591,

592; *Smith* v. *Fisher*, 13 R. I. 624; *Simpson* v. *Wilcox*, 18 R. I. 40.

This is a statutory bond, into which all existing provisions of law enter, including that under which the plaintiff fixes the actual value on which the bond is conditioned. The sureties can rely upon this statutory provision, and in order to be bound to an increased value, or by subsequent legislation, the intent of the surety to be bound must appear on the face of the bond. *Sweeny* v. *Lomme*, 22 Wall. 208; *Douglass* v. *Douglass*, 21 Wall. 98; *Lee* v. *Hastings*, 13 Nebraska, 508.

The laws in force at the time and place of executing a contract, which affect the right of the parties thereto, enter into the contract and form a part of it, without any express stipulation to that effect. *Bronson* v. *Kinzie*, 1 How. 311; *Von Hoffman* v. *Quincy*, 4 Wall. 535; *West River Bridge* v. *Dix*, 6 How. 792; *Walker* v. *Whitehead*, 16 Wall. 314; *Barnitz* v. *Beverly*, 163 U. S. 118, 127.

In order to bind the sureties, the bond itself must show an intent to be bound by subsequent legislation as a part of the bond itself. *Miller* v. *Stewart*, 9 Wheat. 680; *United States* v. *Kirkpatrick*, 9 Wheat. 720; *United States* v. *Powell*, 14 Wall. 493; *Mix* v. *Vail*, 86 Illinois, 40; *Berwick* v. *Oswald*, 3 El. & Bl. 653, 678.

The defendants' contract is to be strictly construed, and doubts are resolved in favor of the surety. *Smith* v. *United States*, 2 Wall. 219; *United States* v. *Price*, 9 How. 84, 91; *Crane* v. *Buckley*, 203 U. S. 441, 447; *United States* v. *Hough*, 103 U. S. 72; *Magee* v. *Life Ins. Co.*, 92 U. S. 93; *Prairie State Nat. Bank* v. *United States*, 164 U. S. 227; *United States* v. *Boecker*, 19 Wall. 652; *Stull* v. *Hance*, 62 Illinois, 52, 55; *Supt. Pub. Works* v. *Richardson*, 18 Hawaii, 523, 525.

The surety has a right to stand upon the exact terms of his contract. The actual value fixed by the affidavit was an exact term of his contract, made so by statute. A varia-

tion from this term is fatal to his liability.   *Reese* v. *United States*, 9 Wall. 13; *Bierce* v. *Waterhouse*, 19 Hawaii, 398, 405; *Cross* v. *Allen*, 141 U. S. 528; *United States F. & G. Co.* v. *United States*, 191 U. S. 416; *Miller* v. *Stewart ubi supra; Leggett* v. *Humphreys*, 21 How. 66, 76; *Bauer* v. *Cabanne*, 105 Missouri, 110, 118, 119; *The State* v. *Medary*, 17 Ohio St. 554, 565.

A variation between the affidavit and the writ discharges the bail bond.   *Robeson* v. *Thompson*, 9 N. J. L. 97.   The plaintiff is estopped by its affidavit, on the faith of which the surety contracted.   1 Greenleaf on Evidence, 16th ed., §§ 22, 27, 122; *Parker* v. *Simonds*, 8 Met. 205, 212; *Kafer* v. *Harlow*, 5 Allen, 348; *Leighton* v. *Brown*, 98 Massachusetts, 515; *Huggeford* v. *Ford*, 11 Pick. 222, 223; *Swift* v. *Barnes*, 16 Pick. 194; *Iron Works* v. *Snow Plow Co.*, 48 Fed. Rep. 652; *Smith* v. *Packard*, 98 Fed. Rep. 793, 800; *Weyerhauser* v. *Foster*, 60 Minnesota, 223, 224; *S. C.*, 61 N. W. Rep. 1129; *Wiseman et al.* v. *Lynn*, 39 Indiana, 250, 259; *Trimble* v. *The State*, 4 Blackf. 435, 437; *Capital Lumbering Co.* v. *Learnéd*, 36 Oregon, 544, 548; *S. C.*, 59 Pac. Rep. 454; *Butts* v. *Woods*, 14 N. Mex. 187; 16 Pac. Rep. 617, 618; Wells on Replevin, §§ 251, 252, 453, 569, 660; *Tuck* v. *Moses*, 58 Maine, 461, 477.

The better rule is that any increase in the pecuniary obligation, without assent, discharges the surety.   *Driscoll* v. *Holt*, 170 Massachusetts, 262; *Sage* v. *Strong*, 40 Wisconsin, 575; *Tyler Mining Co.* v. *Last Chance Min. Co.*, 90 Fed. Rep. 15.

An increase even of the *ad damnum* of a writ discharges the sureties on an appeal bond.   *Langley* v. *Adams*, 40 Maine, 125; *Moss* v. *Sleeper*, 58 Maine, 331; *Ruggles* v. *Berry*, 76 Maine, 262.

The construction put upon the local statute by the local court should be persuasive, if not controlling, in this court.   *Bierce* v. *Waterhouse*, 19 Hawaii, 398, 408; *Kealoha* v. *Castle*, 210 U. S. 149, 153; *Kawananakoa* v. *Polyblank*,

205 U. S. 349; *Copper Queen Mining Co.* v. *Arizona*, 206 U. S. 474.

The sureties cannot be held under a subsequent amendment of the organic act granting an appeal to this court. The petition for rehearing pending in the Supreme Court would not have authorized an appeal, although acted on after March 3. *Harrison* v. *Magoon*, 205 U. S. 501.

The alleged judgment of the Supreme Court of Hawaii, entered, in effect, *ex parte*, is without authority of law. *Cotton* v. *Hawaii*, 211 U. S. 162; *Hutchins* v. *Bierce*, 211 U. S. 429; *Bierce* v. *Waterhouse*, 19 Hawaii, 594.

All the proceedings subsequent to the denial of the petition for rehearing are *coram non judice*. *Meheula* v. *Pioneer Mill Co.*, 17 Hawaii, 91; *Water Works Co.* v. *Oshkosh*, 106 Wisconsin, 83; *S. C.*, 187 U. S. 437.

If the amendment to the organic act applied, then the granting of the new right of appeal to another jurisdiction extended the liability of the surety, exposed him to the judgment of a court, with reference to which he did not contract, and imposed upon him a new pecuniary obligation, viz.: the costs of that court.

Under this rule, stay laws have been held to impair contract rights. *Aycock* v. *Martin*, 37 Georgia, 124. So repealing the right to levy a tax for the payment of bonds. *Seibert* v. *Lewis*, 122 U. S. 284; *Shapleigh* v. *San Angelo*, 167 U. S. 646. So of taxation to satisfy judgments. *Butz* v. *Muscatine*, 8 Wall. 583. Nor can the place of payment be changed. *Dillingham* v. *Hook*, 32 Kansas, 189. So of the obligation to receive coupons for taxes. *McGahey* v. *Virginia*, 135 U. S. 693. So of laws affecting judgments and executions. *Christmas* v. *Russell*, 5 Wall. 290; *Daniels* v. *Tearney*, 102 U. S. 419. A power of sale mortgage cannot be affected by changing the right of redemption or the power of sale. *Clark* v. *Reyburn*, 8 Wall. 332; *Brine* v. *Insurance Co.*, 96 U. S. 627. It is not a question of degree, or manner, or cause, but an encroachment in any respect

on its obligation dispensing with any part of its force. *Planters' Bank* v. *Sharp*, 6 How. 301; *Phinney* v. *Phinney*, 81 Maine, 450; *McCurdy* v. *Brown*, 8 Missouri, 550; *Schuster* v. *Weiss*, 114 Missouri, 158; *State* v. *Roberts*, 68 Missouri, 234; *Nofsinger* v. *Hartnett*, 84 Missouri, 549.

An injunction bond is construed with reference to the statute in force. A statute passed but not in effect does not become a part of the contract. *Mix* v. *Vail*, 86 Illinois, 40; see also *Alwood* v. *Mansfield*, 81 Illinois, 314; *Lapsley* v. *Brashears*, 4 Litt. (Ky.) 47; *Blair* v. *Williams*, 4 Litt. (Ky.) 34; *Haldeman* v. *Powers*, 103 Kentucky, 525; 45 S. W. Rep. 662; *Aeusch* v. *Demass*, 34 Michigan, 95; *Stockwell* v. *Kemp*, 4 McLean, 80; *S. C.*, 23 Fed. Cas. No. 115; *Woodson* v. *Johns* (Munf.), 18 Virginia, 230; *Jeter* v. *Langhorne*, 5 Gratt. 193; *Bailey* v. *McCormick*, 22 W. Va. 95; *Winston* v. *Reeves* (Ala.), 4 Stewart & Porter, 269.

The sureties cannot be held under the act of 1903, chapter 32, §§ 17, 18 and 19; Rev. Laws, 1905, §§ 1861, 1864, 1865, since that did not go into force until after the execution of the bond. As the act does not apply to this case, the action was prematurely brought.

The return of the property satisfied the obligation of the bond; or, if not sufficient to satisfy the bond, the offer to return, coupled with failure to accept or reject, discharged the surety. *Stevens* v. *Tuite*, 104 Massachusetts, 328, 332; *Leonard* v. *Whitney*, 109 Massachusetts, 265; *Walko* v. *Walko*, 64 Connecticut, 74; *S. C.*, 29 Atl. Rep. 243; 28 Am. & Eng. Enc. of Law, 34, 38, 40; *Dresel* v. *Jordan*, 104 Massachusetts, 407.

MR. JUSTICE LURTON, after making the above statement, delivered the opinion of the court.

The right to have this judgment reviewed by this court involves the review of the judgment upon which the mandate issued, and necessarily brings here the first as well as

the second bill of exceptions and transcript as one case.
As it appears from the first bill of exceptions and the opin-
ion and judgment in that case that the plaintiffs in error
in that case, the defendants in error here, had taken many
exceptions to the judgment against them which were not
passed upon by the Supreme Court of the Territory, it
must follow that if we shall find that that court erred in
reversing the judgment upon the single error considered
that the other exceptions and errors not considered are
now open for review, inasmuch as the judgment might
have been reversible for other errors not considered. The
practice adopted by the Supreme Court of the Territory
of passing without deciding other errors assigned upon a
judgment is not approved, since it is likely to involve
further review proceedings and duplicate appeals. Es-
pecially is this so in cases which are subject to the appel-
late jurisdiction of this court. The single ground upon
which the Supreme Court of Hawaii reversed the judgment
in favor of the Bierce Company and against the executors
of the surety upon the return bond made by the defendants
in the replevin suit was that by two amendments made to
the declaration in the replevin suit the value of the prop-
erty which the plaintiff sought to reclaim was increased
from $15,000 to $22,000, whereby, as the court below held,
the liability of the sureties was enlarged beyond their
undertaking. The effect of this was held to discharge the
sureties. In this we think the court erred.

The plaintiff, to make out its case, introduced in evi-
dence, together with other matters, the pleadings, the
judgment, the return of the sheriff upon the execution for
a return of the property unsatisfied, and the return bond.
The judgment, as before stated, was for a return of the
property and costs, and $1,045 damages for detention, and,
in default of a delivery of the property, that the defendant
Hutchins, trustee, pay the value thereof, found to be
$22,000, for which there was judgment.

The penalty of the return bond was $30,000. The damages laid in the complaint, as amended, were $28,156.74, and the judgment in the trial court upon the verdict was for the full damages claimed.

At the close of all the evidence the defendants moved the court to instruct a verdict for the defendants. This motion was based upon several grounds. The principal one was that the transcript of the record in the replevin action showed, *a,* that the plaintiff in that action had in the affidavit required by § 2102, R. L. Hawaii, executed before the issuance of the writ of replevin, stated the value of the property claimed to be $15,000; *b,* that the penalty of the replevin bond was in double this value; *c,* that the return bond recited that the value of the property claimed had been stated in the complaint in the replevin proceeding to be $15,000; *d,* that the complaint had been subsequently amended so as to state the actual value to be $20,000, and a second time amended so as to state the actual value to be $22,000; and that the legal effect of these amendments was to release and discharge the sureties.

The motion for an instructed verdict was overruled and the case submitted to the jury, who found the actual value of the property claimed to be $22,000, and for this there was an alternative judgment, as stated before.

After verdict the defendants moved a judgment *non obstante veredicto* upon like grounds. This too was denied.

On the appeal of the defendant to the Supreme Court of Hawaii the action of the trial court in allowing the amendment of the complaint so as to increase the value of the property in the manner stated was assigned as error. Upon this matter the Supreme Court said:

"The only exceptions to rulings prior to the judgment on which the defendant relied in argument are (1) to allowing the plaintiff to amend its complaint by changing the averment of the value of the property, first from $15,000 to $20,000, and then to $22,000.    .    .    .

"The amendments were properly allowed under the statute (sec. 1738, R. L.). Before the property was delivered to the plaintiff the defendant obtained a return of it to himself upon his statutory bond in double the value of the property as originally stated by the plaintiff. It does not appear that the defendant's rights were affected by the amendment increasing the value." *Bierce* v. *Hutchins*, 18 Hawaii, 511, 522.

This brings us to the proposition as to whether a question thus once litigated and decided in the replevin suit is open for relitigation by the surety when sued upon the return bond. The surety on such a bond given in the course of a judicial proceeding is represented in that proceeding by his principal. That the court possessed the power of allowing an amendment which introduced no new cause of action is plain. The surety became such in contemplation of the possible exercise of that power. The penalty of the bond was not exceeded, and an increase in the *ad damnum* did not introduce a new cause of action. *Townsend National Bank* v. *Jones*, 151 Massachusetts, 454. By the execution of the bond the surety consented to become responsible to the amount of the penal sum therein named.

The only possible objection lay in the question as to whether the plaintiff was estopped from laying the damages in excess of the value of the property stated in the original complaint or affidavit. There are cases which hold that in the replevin action the plaintiff, having himself fixed the value of the property claimed by an affidavit, is estopped thereby from showing that it is of a less value, if he failed in his suit, though the defendant may show, if he can, that it was of a greater value. *Washington Ice Co.* v. *Webster*, 125 U. S. 426. But we are not disposed to think that a plaintiff in such a suit may not show, especially when, as here, the defendant upon a return bond was suffered to retain the possession, that he had mistakingly

undervalued the property. We have been cited to no authorities which extend the principle of estoppel to shut out such an amendment of the *ad damnum* clause of the complaint in a replevin action. However this may be, the questions were directly in issue in the replevin suit and decided against the defendant therein.

One who becomes a surety for the performance of the judgment of a court in a pending case is represented by his principal and is bound by the judgment against his principal within the limits of his obligation. *Washington Ice Co.* v. *Webster*, 125 U. S. 426, 444, 446; *Stovall* v. *Banks*, 10 Wall. 583.

The issue as to whether the value of the property redelivered to the defendants was greater than alleged in the plaintiffs' affidavit and claimed in the original complaint, as well as whether the amendment of that complaint was such as to change the cause of action, were issues made and decided against the principal in the bond upon which the sureties were bound and cannot be relitigated, in the absence of fraud and collusion, by a surety when sued upon the bond. *Townsend National Bank* v. *Jones*, 151 Massachusetts, 454, 459; *Greenlaw* v. *Logan*, 2 Lea (Tennessee), 185; *Kennedy* v. *Brown*, 21 Kansas, 171; *Hare* v. *Marsh*, 61 Wisconsin, 435; *Mason* v. *Richards*, 12 Iowa, 74.

The motion of the executors of Waterhouse in the trial court for a judgment *non obstante veredicto* was predicated upon several distinct grounds. To the action of the trial court in overruling this motion exceptions were duly taken, and this action was made the subject of distinct assignments of error upon the writ of error to the Supreme Court of Hawaii. That court, as we have already seen, considered only such of the grounds relied upon as raised the question of the effect of the increase of the plaintiff's *ad damnum* clause from $15,000 to $22,000. Concluding that the necessary legal effect of that amendment of the com-

plaint was to relieve the sureties upon the return bond, it reversed the judgment and remanded with direction to give judgment for the said executors, notwithstanding the verdict against them. See 19 Hawaii, 398.

The learned counsel for the executors have insisted that if we shall conclude that the action of the Supreme Court of Hawaii is not to be supported upon the single ground considered by it, that it is then the duty of this court to consider the grounds for the motion not passed upon, and if upon any one of them the judgment of the Supreme Court of Hawaii may be sustained, its judgment should not be disturbed. Upon this contention each of the several grounds upon which such motion was based has been covered by the briefs filed by the present defendants in error.

Among the grounds for a judgment notwithstanding the verdict, not considered, was, that the judgment of the Supreme Court of Hawaii reversing the judgment in favor of William Bierce, Limited, against Hutchins, trustee, was final as to the surety upon the return bond, and was not subject, so far at least as the surety was concerned, to be reviewed or set aside by any writ of error to this court, and that the judgment of this court, 205 U. S. 340, reversing the judgment of the Hawaiian Supreme Court, should not in anywise affect the present defendants in error as representatives of Waterhouse, one of the sureties upon the return bond. But the judgment of the Hawaiian Supreme Court was not final prior to the act of Congress referred to. It is true that the opinion of the Hawaiian Supreme Court reversing the judgment of the Hawaiian Circuit Court was filed on January 28, 1905, a date prior to the act of Congress referred to. But the record shows that thereupon a petition for rehearing was filed, and that a rehearing was denied April 29, 1905 (see *Bierce* v. *Hutchins*, 16 Hawaii, 717), and that the final judgment, which was reversed by this court, was not rendered until May 6, 1905, a date after the law referred to. The effect of the pending peti-

tion for a rehearing, if filed in due time and entertained by the court, as was the case, was to prevent the judgment from becoming final and reviewable until disposed of. *Aspen Mining & Smelting Co.* v. *Billings,* 150 U. S. 31; *In re McCall,* 145 Fed. Rep. 898. Since, therefore, there was no final judgment prior to the going into effect of the act of Congress of March 3, 1905, the pending litigation was subject to the power of Congress to allow a review after final judgment, although no such review had theretofore been admissible. No fundamental right was thereby denied, and the bond must be regarded as having been entered into subject to such change in remedy or procedure as did not change the contractual rights of the parties.

It is next claimed that this action upon the return bond was premature, because started during the pendency of the defendants' writ of error in the Supreme Court of Hawaii from the judgment in the replevin case. But that writ did not annul the judgment. The Hawaiian act of 1903, ch. 32, §§ 17, 18 and 19, Rev. Laws of Hawaii, 1905, §§ 1861, 1864 and 1865, provided for the issuance of an execution if the defendant should be ruled to give a new return bond upon an affidavit of insufficiency. This was done and the objection of the defendant overruled. An execution issued, which was duly returned unsatisfied. The contention that this act of 1903 did not go into force until after the execution of the return bond has no merit. Such a bond is always entered into subject to the possibility of changes in the law of procedure which do not change the contract. The defendant refused to give the new bond required and, under the act referred to, an execution was issued, which was returned unsatisfied. This fact authorized an immediate suit upon the return bond. There was no error in holding that the suit was not premature under the act referred to.

Another group of assignments relate to an alleged tender of redelivery of the property by Hutchins, trustee, after

VOL. CCXIX—22

the judgment requiring a return. The insistence was and is that there should have been a directed verdict for the defendant upon the evidence showing such tender and a rejection by the plaintiff. The letter in evidence making a tender was not an unequivocal tender. There was also evidence tending to show the existence of obstacles to a repossession, which it was the duty of the defendant to have removed; and also evidence of a conveyance by the defendant of record, which clouded the title. There was an absence of evidence tending to show any active exertion to restore the plaintiff's possession, and no evidence that the plaintiff was ever actually put in repossession. The question was one for the jury, who found for the plaintiff. The charge was full and fair.

There were a vast number of errors assigned. We have referred to those which were either pressed in argument or have otherwise been deemed of such importance as to require particular notice. Those not referred to have been considered, with the result that we find none of them well taken.

The conclusion we reach is that the judgment of the Supreme Court of the Territory of Hawaii, reversing the judgment of the Circuit Court and directing a judgment *non obstante veredicto*, was erroneous. The second judgment, affirming the judgment of the Circuit Court upon its mandate, is also erroneous.

The case must be remanded, with direction to set both judgments aside and affirm the judgment of the trial court in favor of the plaintiff William W. Bierce, Limited.

*Reversed.*