## AMERICAN SURETY CO. OF NEW YORK
### v. BABB et al.
### No. 3724.

Circuit Court of Appeals, Fourth Circuit.

Jan. 8, 1935.

J. L. Plyler, of Greenville, S. C. (A. C. Mann, of Greenville, S. C., on the brief), for appellant.

O. L. Long, of Laurens, S. C. (H. S. Blackwell, of Laurens, S. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal from a judgment of the District Court of the United States for the Western District of South Carolina. The action was originally instituted in September, 1933, in the court of common pleas for the county of Laurens, S. C., by the appellee Babb, as receiver of the People's Bank of Gray Court, against the appellant, herein referred to as the defendant, and was by appropriate proceedings removed to the District Court of the United States. After removal an order was entered making Bennett, clerk of the court for Laurens county, as successor to Power, ex-clerk of the court of said county, a party plaintiff.

In December, 1928, upon petition of the state of South Carolina, ex rel. the state bank examiner of South Carolina, a receiver was appointed for the People's Bank and one W. B. Knight was appointed as such receiver.

The receiver gave bond with the defendant as surety, which bond contained, among other provisions, the following: "Now therefore, if the said W. B. Knight shall duly account for what shall come into his hands or control as such Receiver, and pay and apply the same from time to time as he may be directed by the said Court, and shall obey such orders as the court may make in relation to such trust, and faithfully perform all of his duties as such Receiver, then this obligation shall be void, otherwise it shall be and remain in full force and virtue."

The said receiver thereupon took charge of the assets of the bank and proceeded with its liquidation, but, before he completed the work, left the state of South Carolina, moving to Georgia. In November, 1930, an order was entered in the original cause in which the receiver was appointed, relieving the said Knight from further duties as receiver, and appointing appellee Babb in his stead. After an accounting, the said Knight was ordered by the court to turn over to the new receiver the sum of $8,333.52 and to pay the costs incurred in the accounting, amounting to $1,257.33, making the total of the judgment $9,590.85. In the event said Knight failed to pay said sum within ten days from the filing of the decree (June 7, 1933), it was provided that suit might be brought in the name of the new receiver against the surety on the bond of said Knight. The payment was not made.

After the removal the defendant filed an answer denying the allegations of the complaint, and an order was entered referring the cause to a special referee to take testimony and report his findings of fact and conclusions of law. By stipulation it was agreed that said special referee should confine his report to the question of what effect should be given the decree of the state court against the surety on the bond of the said Knight, that is, whether said decree should be given prima facie or conclusive effect.

In March, 1934, the special referee filed his report holding that the point raised should be controlled by the decisions of the highest court of the state of South Carolina and holding as a conclusion of law that the effect of the decree of the state court was conclusive against the defendant as to the principal sum of the judgment entered, but made no ruling as to the costs. Upon exceptions to the special referee's report, the district judge held that the question involved was not controlled by the rule as laid down by the courts of South Carolina but was governed by the federal and general rule. The court below, however, approved the finding of the special referee that the decree of the state court was conclusive against the defendant as surety on the bond under both the general and South Carolina rule and could not be attacked collaterally. The judge below further found that the surety was liable on the bond for the costs of the accounting and gave judgment against the defendant.

No decision of the Supreme Court of South Carolina, on the exact question here involved, can be found, and there seems to be some conflict in the decisions of the highest court of that state on related questions. The later South Carolina decisions apparently hold that a judgment against an administrator is given only prima facie effect against his surety where the bond is conditioned that the administrator shall faithfully execute his duties and account for such sum or sums of money as he may have received. Bryan v. Blakeney, Dud. 27; Ordinary v. Carlisle, 1 McMul. 100; Norton v. Wallace, 1 Rich. Law, 507; Davant v. Webb, 2 Rich. Law, 379; Norton v. Wallace, 2 Rich. Law, 460; Stewart v. McCully, 5 Rich. Law, 80; Taylor v. Taylor, 2 Rich. Eq. 123; State v. Cason, 11 S. C. 392; Crane v. Moses, 13 S. C. 561; Fellers v. Davis, 22 S. C. 425; Kennedy v. Adickes, 37 S. C. 176, 15 S. E. 922; Bellinger v. U. S. F. & G. Co., 115 S. C. 469, 106 S. E. 470.

In none of these cases does it appear that the conditions of the bond were similar to those contained in the bond here.

Some earlier South Carolina cases hold that on an administrator's bond the judgment against the principal is conclusive against the surety. Lyles v. Caldwell, 3 McCord, 225; Cureton v. Shelton, 3 McCord, 412; Joyner v. Cooper, 2 Bail. 199.

The Supreme Court of South Carolina has consistently held that sureties upon replevin bonds are conclusively bound by the judgment against the principal. Thomson v. Joplin, 12 S. C. 580; Parish v. Smith, 66 S. C. 424, 45 S. E. 16; Gibbs Machinery Company v. Moore, 107 S. C. 327, 92 S. E. 1033; Bolt v. Milam, 110 S. C. 399, 96 S. E. 614.

The conditions in a replevin bond are more nearly allied to those of the bond here, and we are of the opinion that the South Carolina decisions, so far as they decide the question, are to the effect that the judgment against the principal is conclusive against the surety.

As is pointed out in the able decision of the judge below, it was early decided by the Supreme Court of the United States that a

surety on a bond of this character cannot collaterally attack a judgment against the administrator, and this ruling has been adhered to in a number of the decisions of that court. Stovall v. Banks, 10 Wall. (77 U. S.) 583, 19 L. Ed. 1036; Washington Ice Company v. Webster, 125 U. S. 426, 8 S. Ct. 947, 31 L. Ed. 799; William W. Bierce v. Waterhouse, 219 U. S. 320, 31 S. Ct. 241, 55 L. Ed. 237. See, also, Commonwealth of Pennsylvania v. Fidelity & Dep. Co. (C. C.) 180 F. 292; Simonitsch v. Bruce (C. C. A.) 258 F. 331.

While there is some conflict of decisions in the various states, the overwhelming weight of authority supports the federal rule. This question is reviewed at length in the footnotes in the case of P. Ballantine & Sons v. Fenn, 40 L. R. A. (N. S.) 698.

In the case of State v. Abbott, 63 W. Va. 189, 61 S. E. 369, 371, will be found a well-reasoned opinion on this point. There the court said: "But we are not upon a bond conditioned only for faithful performance of duty. This bond not only covenants for faithful discharge of duties according to the decree, but it contains the additional covenant that the receiver should pay over all moneys that might come to his hands by virtue of the decree as the court shall direct. It contains both covenants. Now, while there is difference of decision in very many cases as to the effect upon sureties of judgments upon such ordinary official bonds, the authorities are overwhelming, and almost without exception, that upon such a bond as we have in hand the judgment is conclusive."

Here the surety guaranteed not only that Knight should duly account for what should come to his hands as receiver, but that he would comply with the orders of the court and obey such orders as the court should make in relation to the receivership, and that he would faithfully perform all the duties of such receiver. The conditions contained, in addition to the covenant that he would faithfully perform his duty, the covenant that he would pay over all moneys as ordered by the court and obey the orders of the court. There was no reservation of right to review any accounting or any order of the court in a separate proceeding, and, since there is no charge of fraud or collusion, the judgment of the state court is conclusive as against the surety.

Having reached the conclusion that under both the South Carolina and the federal decisions the judgment of the state court is conclusive as against the defendant, it is not necessary to discuss the question as to which decisions should control.

It is contended on behalf of the appellant that the said Knight was not a party eo nomine to the proceeding in which the state court acted, but the record shows that the decree was entered in the proceeding in which Knight was named receiver, that he had notice, and that he appeared and testified and was represented by counsel. We are of the opinion that the decree was properly entered.

We agree with the conclusion reached by the judge below that the costs of the accounting were included within the penalties of the bond and the surety liable therefor.

"It is still more clear that costs, in addition to the penalty, may be recovered on a penal bond, for they are given to compensate the plaintiff for his outlay in obtaining justice. * * *" State v. Wylie, 2 Strob. (33 S. C. L.) 113.

See, also, Dwyer v. United States (C. C. A.) 93 F. 616.

The judgment of the court below is affirmed.