## REUCK v. GREEN.

No. 14807—Opinion Filed Oct. 21, 1924.

**1. Appeal and Error—Reduction of Judgment—Satisfaction After Mandate.**

An order of an appellate court by which the amount of a judgment appealed from is reduced and the judgment thus modified affirmed, is not such modification as will entitle the judgment debtor to restitution of property sold, pending appeal, by order of the lower court in satisfaction of its judgment, where the property sold by virtue of such order is not more than enough to satisfy the judgment as modified.

**2. Same—Stay of Proceedings by Appeal—Absence of Bond.**

Under the provisions of sections 794 and 795, Comp. Stat. 1921, the mere filing of an appeal in the Supreme Court, without an undertaking to stay execution, does not operate as a stay of the judgment appealed from, whether the action is entirely legal in its nature or one of purely equitable cognizance.

**3. Same—Conformity of Proceedings to Mandate.**

Record in the instant case examined, and held, that the action of the trial court in refusing restitution of the property in controversy for the purpose of redemption, and in instructing the jury that the plaintiff in error was not entitled to an accounting for rents subsequent to the date of the confirmation of the sale to the defendant in error, did not conflict with the mandate of the Supreme Court on the first appeal.

**4. Same—Accounting for Rents, Etc.—Judgment Sustained.**

Record in the instant case examined, and held, that the judgment of the trial court reducing the amount found by the jury to be due plaintiff in error from $1,773.20 to $415.18, and in rendering judgment accordingly was reasonably supported by the evidence introduced.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Maggie Reuck against H. A. Green for an accounting. Judgment for plaintiff, and plaintiff appeals. Affirmed.

J. Q. A. Harrod, I. W. Bane, and Ernest W. Thomas, for plaintiff in error.

Shirk, Danner & Fowler, for defendant in error.

FOSTER, C. This appeal is prosecuted by Maggie Reuck, plaintiff in error, plaintiff below, to reverse a judgment of the dis-

trict court of Oklahoma county, on account of an alleged failure of the trial court in its judgment to comply with the mandate and opinion of this court upon a former appeal.

It appears that the defendant in error, on the 25th day of January, 1918, obtained a judgment in the district court of Oklahoma county against plaintiff in error for the sum of $5,430.40, making said judgment, in effect, a lien upon certain real estate of the plaintiff in error in Oklahoma City, and ordering that unless said judgment should be paid within six months thereafter the real estate should be sold in satisfaction thereof.

An appeal was prosecuted from this judgment by the plaintiff in error to the Supreme Court of this state where, in an opinion filed December 13, 1921, the Supreme Court modified the judgment of the trial court, reducing the amount of the judgment of the defendant in error from $5,430.40, to $4,102 70, and the judgment as thus modified was affirmed, and the cause remanded with directions to the trial court to make an accounting, and to adjust the equities between the parties in the matter of rents, taxes, assessments, insurance, and repairs since the trial in the court below.

On the 31st day of December, 1921, the mandate and opinion of the Supreme Court were spread of record in the trial court by order of the trial judge, whereupon, on the 26th day of January, 1921, plaintiff in error filed an amended and supplemental petition wherein she sought an accounting from the defendant in error of the rents, taxes, insurance, etc., for the entire period between the first trial on the 25th of January, 1918, to the second trial on April 4, 1923.

Answer was filed by the defendant in error in which he set up title to the real estate in controversy as purchaser at a sale had on the 14th day of March, 1919, whereby the sheriff of Oklahoma county had sold the real estate to him under an order of sale of the district court of Oklahoma county, ordering the sheriff to sell the real estate in satisfaction of the judgment obtained by the defendant in error on the 25th day of January, 1918, and that he was only liable to account to the plaintiff in error for such rents as he had actually received up to the time that the sale of the property had been confirmed on April 18, 1919.

Plaintiff in error filed her reply in which she denied that any title had been acquired by the defendant in error through the purported sheriff's sale because the sale occurred at a time when the cause was pending

in the Supreme Court on appeal, alleged that the defendant in error was not a bona fide purchaser at said sale, and pleaded estoppel, laches, and other equitable defenses.

Upon the issues thus presented cause was tried by the court and a jury on the 4th day of April, 1923, resulting in a verdict in favor of the plaintiff in error for the sum of $1,773.20. Motion for judgment notwithstanding the verdict was filed by the defendant in error and sustained by the court, reducing the verdict of the jury to the sum of $452.18, and judgment was pronounced accordingly. Motion for a new trial was filed by plaintiff in error and overruled, exceptions allowed, and plaintiff in error brings the cause regularly on appeal to this court on petition in error and case-made.

A correct determination of the question presented on this appeal turns largely upon whether or not the plaintiff in error is entitled to redeem the property in controversy upon payment by her of the amount found to be due her by the Supreme Court on the first appeal, less any sum found to be due her upon the accounting by the Supreme Court in its mandate.

It is the contention of the defendant in error that having failed to obtain a stay of the execution of the first judgment beyond the period of six months therein given plaintiff in error in which to redeem, her right of redemption was foreclosed by the sheriff's sale of the property, and confirmation thereof, by which the property was sold to satisfy the judgment of January 25, 1918.

The only question open to dispute on the first appeal was the right of the defendant in error to a personal judgment against the plaintiff in error for the sum of $5,430.40, and a right to subject the property of the plaintiff in error to the payment of this judgment upon failure by the plaintiff in error to pay the amount of such judgment within six months after its rendition.

The right of the plaintiff in error to redeem secured to her by the first judgment was not appealed from by the defendant in error nor controverted by him upon the first appeal and when the Supreme Court modified the original judgment and affirmed the judgment as modified the right of the defendant in error to personal judgment and a right to subject the property in controversy in payment thereof became the final judgment in the case, and carried with it the right of the defendant in error to sell the property for the purpose of satisfying the amount finally determined to be due him.

If our interpretation of the governing

statute is correct, the plaintiff in error had only one remedy by which she could have restitution of the property which had been sold to the defendant in error pending her appeal to the Supreme Court, and that was to bring about in the Supreme Court a reversal of the judgment appealed from. Section 718, Comp. Stat. 1921.

Her appeal resulting in a reversal of the judgment, it would have devolved upon the trial court to restore to her her right of redemption in the property in controversy which she lost by virtue of the sale and confirmation thereof, pending her appeal to the Supreme Court, regardless of any omission on her part to stay the judgment appealed from by entering into a supersedeas bond.

In this situation the defendant in error, being a party to the suit with notice of plaintiff in error's rights, could have secured no rights as a purchaser under section 718, Comp. Stat. 1921. Arnold v. Joines, 50 Okla. 4, 150 Pac. 130. But the right of plaintiff in error to restitution would be dependent upon a reversal by the Supreme Court of the judgment.

In the instant case the judgment was not reversed, but modified and affirmed. If the modification did not result in losing to the plaintiff in error any substantial property right in the real estate owned by her by virtue of the sale pending appeal, she would not be entitled to restitution any more than she would be entitled thereto if the judgment had been affirmed in toto. Hewitt v. Dean (Cal.) 28 Pac. 93; Barnhart v. Edwards (Cal.) 61 Pac. 176; Martin v. Victor Mill & Mining Company (Nev.) 9 Pac. 336.

In the instant case an examination of the record discloses that the property was sold to defendant in error at a sale which is not shown to have been unfair, for a less sum than the judgment as modified by the Supreme Court allowed, and it cannot be said therefore that the plaintiff in error lost by the modified judgment of the Supreme Court any rights in the property to which in justice she ought to be restored.

It is contended, however, in the brief of plaintiff in error, that the mere filing of the appeal in the Supreme Court operated as a stay of the judgment without the filing of a supersedeas bond, and decisions of several states are cited holding that in cases of purely equitable cognizance, the jurisdiction of the lower court ceases upon a mere filing of the appeal in the Supreme Court, and the appeal operates as a stay of all proceedings to enforce the judgment or decrees.

It is admitted that in this state a supersedeas bond is necessary in cases which are entirely legal in their nature. We are unable to find, however, in our statute any distinction made between cases of a legal nature and cases of equitable cognizance so far as the requirement of an undertaking to stay an execution on appeal is concerned. It follows that under the provisions of sections 794 and 795, Comp. Stat. 1921, the cases cited have no application, and that the filing of proceedings in error will not of itself operate to stay execution of the judgment appealed from, whatever may be the nature of the action.

There is nothing in the mandate issued by the Supreme Court on the first appeal (Reuck v. Green, 84 Okla. 131, 202 Pac. 790) from which it can be said that the trial court in the instant case was required to take an accounting for the entire period from the date of the first judgment to the date of the trial in the instant case, and we do not think that the action of the trial court in refusing an accounting subsequent to the confirmation of the sale to the defendant in error on the 18th day of April, 1919, was inconsistent with the mandate referred to. The concluding paragraph of the opinion on first appeal is as follows:

"The cause is remanded with directions to the trial court to take such further action in the matter of adjusting the equities between the parties, in the matter of rents, and taxes arising since the trial of the cause below and in enforcing its judgment as modified that may be necessary and not inconsistent with the findings herein."

The Supreme Court on the first appeal as a matter of fact did not know that there had been a sale of the property to the defendant in error by which the plaintiff in error was divested of her equity of redemption at the time it issued its mandate above quoted, but the Supreme Court was fully aware that by omitting to stay execution of the judgment the plaintiff in error might have been divested of all rights in the property in controversy while the action was pending on appeal in the Supreme Court, and there is no reason to think that the Supreme Court in remanding the cause would have employed any different language had it been advised of the sale and confirmation on the 18th day of April, 1919.

The order on remand was to adjust the equities in the matter of rents arising since the trial in the court below without attempting to define the extent and duration of such equities. If as a matter of law, these equities had been cut off 15 months after

the original judgment by reason of the conduct of the plaintiff in error in failing to stay the judgment there would be nothing after that time upon which the order could legally operate.

We are, therefore, of the opinion that the judgment of the trial court was correct in refusing plaintiff in error restitution of the property for the purpose of redemption, and instructing the jury that the plaintiff in error was not entitled to an accounting for rents subsequent to the confirmation of the sale to the defendant in error on the 18th day of April, 1919.

The invocation of the doctrine of estoppel and laches against the defendant in error is, we think, inapplicable to the facts and circumstances as disclosed by the record in the instant case. If the evidence introduced did not tend to support the judgment of the trial court reducing the amount found by the jury to be due plaintiff in error upon an accounting from $1,773.20 to $415.18, and in rendering a judgment accordingly, such lack of evidence has not been pointed out or insisted upon by the plaintiff in error in her brief.

In these circumstances, there being evidence reasonably tending to support the judgment of the trial court, it will be sustained on appeal. It follows that the judgment of the trial court should be affirmed, and we so recommend.

By the Court: It is so ordered.