[Civ. No. 877.   Fourth Appellate District.—June 7, 1932.]

ALDA M. FERRIS et al., Respondents, v. INDEPEN-
DENCE INDEMNITY COMPANY, Appellant.

Stearns, Luce & Forward for Appellant.

Sawyer & Cluff and Ward, Ward & Ward for Respondents.

SCOVEL, J., *pro tem.*—Prior to the filing of the complaint involved in this appeal, the United States of Mexico had filed an action in claim and delivery in the Superior Court of San Diego County against Peter Rask seeking recov-

ery of a patrol boat known as the "Tecate." In that action Rask answered setting up a lien for repairs on the boat. Upon filing the complaint the United States of Mexico filed with the sheriff of San Diego County a claim and delivery bond executed by the Independence Indemnity Company, defendant here, conditioned for the prosecution of the action, return of the boat if return should be adjudged, and the payment of all moneys recovered in the action, whereupon the boat was delivered to the United States of Mexico. At the trial judgment was entered in the superior court in favor of Peter Rask wherein it was found he was entitled to the sum of $12,961.61 for the repairs on the boat and to a lien thereon by virtue thereof, together with $463.62 damages and costs in the sum of $65; and that by virtue of said lien he was entitled to possession of the boat. It was therefore ordered that the United States of Mexico return the boat to Peter Rask, or, in case return could not be had, pay him the sums mentioned. The judgment was signed on May 10, 1930, and filed on May 12, 1930. A few days later and prior to any appeal, the present action was filed by plaintiffs herein, Alda M. Ferris claiming a partial assignment of the judgment, alleging the boat had not been returned and asking judgment against defendant as surety on the claim and delivery bond, for the amount of the judgment above.

After the filing of this action an appeal was perfected by the United States of Mexico, plaintiff in the first action, no stay bond, however, being filed. The Independence Indemnity Company answered in the present suit alleging that the action was premature by reason of the pending appeal in the case of *United States of Mexico* v. *Rask*, (Civil No. 471) 118 Cal. App. 21 [4 Pac. (2d) 981], and asserting that the court was without jurisdiction in that action to render a judgment against a foreign power or to adjudicate a maritime lien. The action came on for trial and in support of their complaint plaintiffs offered in evidence the judgment-roll in the case of *United States of Mexico* v. *Rask, supra.* Defendant objected on the ground that the judgment was not final and on the further ground that it was void as without jurisdiction of the court to render. The objection was overruled and both sides rested. Judgment was entered in favor of plaintiffs. From this judgment defendant ap-

peals. Pending the appeal, P. E. McCaffrey was substituted as party plaintiff and respondent in the place and stead of Alda M. Ferris.

■ Appellant makes but one point on the appeal, that the trial court erred in admitting the judgment-roll in the case of *United States of Mexico* v. *Rask, supra*, first, because the judgment therein was not final, and, second, because the court was without jurisdiction to render the same. Before the submission of this appeal, the appeal in the case *United States of Mexico* v. *Rask, supra*, was determined by this court (118 Cal. App. 21 [4 Pac. (2d) 981]), wherein it was decided that the court had jurisdiction to render the judgment. The decision disposes of that portion of this appeal.

There remains for determination the question as to the admissibility of the judgment-roll pending the appeal from the judgment. Both appellant and respondent concede the general rule to be that a judgment does not become final until it has been finally determined on appeal and that a right of action upon a judgment does not mature until the judgment becomes final.

Respondents assert that the present action is not upon a judgment but upon an independent and collateral contract executed pursuant to statutory authority, the liability thereon being established by the terms of the contract and the statute and not dependent upon the finality of the judgment. The bond is in the usual form, given pursuant to section 512 of the Code of Civil Procedure and conditioned as therein prescribed "for the prosecution of said action, for the return of the property to said defendant if return thereof be adjudged, and for the payment to the said defendant of such sum as may from any cause be recovered against the said plaintiff". From this it is aruged that liability under the bond attaches when a judgment is recovered and payment thereof not made whether the judgment be appealed from or not. Appellant asserts, however, that a return is not "adjudged" or a judgment "recovered" within the meaning of the bond, until the fact is determined in a final judgment.

We are of the opinion that the present action is not upon the judgment but upon the bond (*Bailey* v. *Aetna Indemnity Co.*, 5 Cal. App. 740, at 745 [91 Pac. 416]), and that therefore resort must be had to the statute and the bond for a

determination of the meaning of the words "adjudged" and "recovered".

It will be remembered that Peter Rask was claiming a lien on the boat for repairs, and was holding possession to secure the lien and satisfy the same through execution or order of sale under any judgment establishing his right thereto. Upon the recovery of any judgment he might immediately cause the property to be sold and satisfy his claim. Under such circumstances the statute provides for a bond conditioned for a return of the property and the payment of any judgment recovered. And knowing that he could thus immediately satisfy any judgment obtained the bond herein was executed replacing the security held by defendant. (*Bailey* v. *Aetna Indemnity Co., supra.*) We do not believe that the statute authorizing the bond contemplated depriving the defendant of any legal remedy he might have nor that such was the intention of the parties in executing the bond. Rather was it a statutory alternative given to the plaintiff whereby he might elect to substitute other security for that held by the defendant, guaranteeing to him that should he be successful his legal remedies should not be impaired. So construed, a return was "adjudged" and a sum "recovered" within the intendment of the statute and the bond when a judgment to such effect was entered in the trial court that was enforceable against the plaintiff. And as above set forth the judgment being enforceable immediately upon its entry in the trial court it follows that an immediate liability on the bond accrued.

Our research has discovered but one decision wherein the matter has been considered. In *Bierce* v. *Waterhouse,* 219 U. S. 320 [55 L. Ed. 237, 31 Sup. Ct. Rep. 241], it is held that an action upon a redelivery bond in replevin is not premature where commenced pending appeal. It appeared there that one Bierce filed a replevin suit against one Hutchings in the Circuit Court of Hawaii. In order to retain possession of the property sought to be replevined, Hutchings executed a redelivery bond conditioned for a delivery of the property if delivery should be "adjudged" and payment of such sum as might be "recovered". Upon the trial judgment in favor of Bierce was entered for a return of the property sought, or in default of return that the defendants pay the value of the property. The judg-

ment was appealed. Under the revised laws of Hawaii, 1905, sections 1861, 1864, 1865, the enforcement of a judgment is stayed by an appeal, but it is provided that the court may, pending an appeal, require an additional bond executed, in the nature of our appeal bond, guaranteeing satisfaction of the judgment. If such order be made execution may issue upon the judgment unless the bond is filed. Pending appeal Bierce obtained an order for Hutchings to give such bond. This he failed to do. Execution thereupon issued and was returned unsatisfied. Thereafter, and while the appeal was still pending, action was brought upon the original redelivery bond for the value of the property. It was claimed that the action on the bond was premature because started during the pendency of the appeal in the replevin suit. The court held that the appeal did not annul the judgment and since Hutchings failed to execute the second bond an immediate suit upon the redelivery bond was authorized. It would follow that in the absence of a stay bond on appeal a cause of action in favor of a defendant upon a delivery bond would accrue immediately upon the entry of judgment in his favor in the trial court.

Appellant cites *Cook* v. *Ceas*, 143 Cal. 221 [77 Pac. 65], in support of its position. It is there held that liability upon a guardian's bond after an order settling the guardian's account does not accrue until the sixty-day period for perfecting an appeal therefrom has expired. The guardian's bond, however, is not given in lieu of other security but merely to guarantee performance by the guardian of his trust. No writ of execution may be issued upon a decree settling the account. (*Estate of Kennedy*, 129 Cal. 384 [62 Pac. 64]; *Ex parte Smith*, 53 Cal. 204.) No action may be taken against the guardian on the decree since the settlement of the account is pending until the time to appeal has expired. (Sec. 1049, Code Civ. Proc.) Any person affected by the decree is therefore without a remedy pending such time. The surety upon the guardian's bond could be under no greater liability than his principal. It follows, of course, that no action lies against the surety on his bond until the decree becomes final as to the guardian. The distinction between the cited case and the case at bar is apparent.

We are, therefore, of the opinion that the plaintiffs' cause of action against the defendant on its bond arose immedi-

ately upon the entry of the judgment in his favor in the claim and delivery action, and that, therefore, the judgment-roll in such action was properly admitted in proof of plaintiffs' claim.

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 30, 1932.