**DUSBABEK et al. v. BOWERS.**

No. 22750. Sept. 29, 1936.

I. H. Lookabaugh, for plaintiffs in error.

W. P. Morrison, A. L. Morrison, and .John Morrison, for defendant in error.

McNEILL, C. J. This case is an action on a replevin bond.

On April 4, 1924, George F. Dusbabek, plaintiff in error, filed an action in replevin in the district court of Canadian county to recover certain property from the defendant in error, Frank Bowers. His petition stated two causes of action: The first, for recovery of a threshing machine and certain equipment; and the second, for the recovery of a traction engine. At the time suit was filed, George F. Dusbabek, as principal, and Southern Surety Company of Des Moines, Iowa, as surety, executed a replevin bond in favor of the said Frank Bowers, in the sum of $4,000. Frank Bowers filed an answer and counterclaim. The cause was tried to a court and jury, and the verdict, rendered on April 23, 1926, was in favor of said Frank Bowers, on his cross-petition. The jury found that Bowers was entitled to the possession of the property sued for in plaintiff's first cause of action, or its value in the sum of $1,446.30; also, to the property sued for in plaintiff's second cause of action, or its value in the sum of $900, and that Bowers, in addition, should recover the sum of $690 damages, making a total of $3,036.30.

After a motion for a new trial was overruled, plaintiff appealed to this court. On July 3, 1928, this court dismissed the appeal and remanded the cause for the reason that no judgment had ever been rendered upon the verdict by the trial court. Dusbabek v. Bowers, 132 Okla. 179, 270 P. 3.

After the opinion of this court was delivered and mandate issued thereon, the district court of Canadian county on October 27, 1928, rendered judgment upon the verdict of the jury returned on April 24, 1926, and a journal entry of judgment was signed. Dusbabek filed his motion for new

trial and again appealed to this court. On the first appeal, Dusbabek executed a supersedeas bond, but on the second. appeal no supersedeas bond was given. On May 15, 1930, and before the second appeal was passed upon by this court, Frank Bowers commenced this action against George F. Dusbabek and the ' Southern Surety Company upon the replevin bond, praying for judgment in the sum of $3,036.30, the value of the property and the damages as fixed by the jury, with interest at the rate of 6 per cent. from the 14th day of May, 1930, the date of filing suit. At the conclusion of the evidence the court directed a verdict for plaintiff for the amount sued for. The defendants have appealed from that judgment, and ·contend that the venue of the action did not lie in Canadian county and that the action was prematurely brought because of the pending appeal in the cause in which the replevin bond was given. Neither contention is well founded.

Article 9, section 43, of the Oklahoma Constitution provides as follows:

"* * * Suit may be maintained against a foreign corporation in the county where · an agent of such corporation may be found, or in the county of the residence of plaintiff, or in the . county where the cause of action may arise."

Section 10615, O. S. 1931, provides as follows:

"Any surety company, doing business under the provisions of this article, may be sued in respect thereof, in any court of the United States or the state of Oklahoma, which has jurisdiction of actions or suits upon such recognizances, stipulations, bond or undertaking, was made or guaranteed. And for the purpose of this article such recognizance, stipulation, bond or undertaking shall be treated as made or guaranteed in the county in which the office is located, to which it is returnable, or in which it is filed, or in the county in which the principal of such recognizance, stipulation, bond or undertaking resided when it was made or guaranteed."

The plaintiff was a resident of Canadian county, one of the defendants, a surety company, was a foreign corporation, and the cause of action arose wholly in Canadian county. Under said constitutional provision and section 10615, supra, the action was rightfully brought in Canadian county, and summons could issue to the defendant George F. Dusbabek in Garfield county. Tibbett & Pleasant v. Oklahoma State Bank of Frederick, 119 Okla. 109, 249 P. 149.

The appeal from the judgment of the dis-

trict court rendered October 27, 1928, was not decided by this court until October 30, 1934. No supersedeas bond was given and the instant action was not prematurely brought. State v. District Court, 25 Okla. 871, 108 P. 375; Scott v. Joines, 71 Okla. 89, 175 P. 504; Cusher v. Ricketts, 72 Okla. 168, 179 P. 593; Reuck v. Green, 103 Okla. 288, 229 P. 1070; Nicholson v. State, 132 Okla. 298, 270 P. 567; Ferris v. Independence Indemnity Co., 12 P. (2d) 148, 124 Cal. App. 154; Bierce v. Waterhouse, 219 U. S. 32, 31 Sup. Ct. 241, 55 L. Ed. 237; 23 R. C. L. 61.

Defendant urges that the trial court erred in not overruling the plaintiff's motion for a directed verdict because the evidence shows that no execution had been issued upon or effort made to collect the judgment from the property of the defendant Dusbabek. This court has held that the judgment itself is sufficient notice to the party holding the property to return same to the prevailing party. Gerber v. Wehner, 96 Okla. 48, 220 P. 648; Grimes v. Payne, 116 Okla. 295, 244 P. 753.

Since this action was filed, this court, in its opinion of October 30, 1934, determined the appeal in the original replevin action and held: That the judgment of October 27, 1928, in so far as it applied to the first cause of action, should be affirmed; that the defendant should have the return of the property described in that cause of action, or, in lieu thereof, its value, found to be $1,446.30, and, in so far as the judgment applied to the second cause of action, the plaintiff should have the property replevied, but that the defendant should have his note and mortgage canceled, and also, the return to him of certain notes, which he had placed with the plaintiff as collateral security, of the face value of $589, or, in the event the plaintiff had collected the same, he should account to the defendant for any proceeds thereof. Dusbabek v. Bowers, 173 Okla. 53, 43 P. (2d) 97; on rehearing, denied 47 P. (2d) 141. This court did not attempt to say whether any of said collateral notes had been collected or what value, if any, said notes had. The opinion sustained the judgment of $690 in favor of the defendant on his cross-petition. This judgment for the $690 was not for damages for the wrongful detention of the property replevied, but was for certain damages alleged to have been sustained by the defendant while he was in possession of said property. The replevin bond sued upon was authorized by section 784, O. S. 1931, which provides:

"The order shall not be issued by the

clerk until there has been executed in his office, by one or more sufficient sureties of the plaintiff, to be approved by the clerk, an undertaking in not less than double the value of the property as stated in the affidavit to the effect that the plaintiff shall duly prosecute the action, and pay all costs and damages which may be awarded against him, and if the property be delivered to him, that he will return the same to the defendant if a return be adjudged. * * *"

The damages referred to in said statute are those caused by the wrongful detention of the property replevied and not damages awarded on a counterclaim and which do not result from the seizure and detention of the property under the forthcoming bond. There is no liability on the replevin bond in question for the item of damages of $690.

The replevin bond was not conditioned that the collateral notes amounting to $589 should be returned to the defendant if so adjudged by the court. There is no liability on such bond for the failure of the plaintiff to return to the defendant said collateral notes, if he has so failed.

The defendant, however, is entitled to interest at the legal rate upon the $1,446.30 recovered on his first cause of action from the date the property was wrongfully taken by the plaintiff, to wit, from April 4, 1924. 23 R. C. L. 911.

This court modified the judgment of the trial court and decreed that plaintiff was entitled to judgment in the sum of $1,446.30, with interest thereon at the rate of 6 per cent. from April 4, 1924.

This cause is reversed and remanded, with directions to modify the judgment of the trial court so as to show that plaintiff is entitled to recover from defendants the sum of $1,446.30, with interest thereon from April 4, 1924, at 6 per cent. per annum.

OSBORN, V. C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.