[Civ. No. 3244. Fourth Dist. Feb. 25, 1944.]

W. P. ROWE, Respondent, v. LAWRENCE HOLMES et al., Appellants.

Oliver O. Clark and Robert A. Smith for Appellants.

Sarau & Thompson and Roy W. Colegate for Respondent.

BARNARD, P. J.—This is an appeal from a judgment awarding the plaintiff interest on a fee for professional services rendered to the defendants.

The defendants owned certain lands which were condemned and taken for use as a reservoir site in an action filed by the Metropolitan Water District. In 1935, the defendants employed the plaintiff, by a written contract, to render services as a hydraulic engineer in connection with that action. While the plaintiff's compensation was not contingent upon the outcome of that case, under the terms of the contract, whether it was payable upon the entry of a judgment in that action or at the time any such judgment was paid is the only matter in controversy here. The services were completed and the trial of that action ended on or about September 1, 1937. In that action these defendants recovered a judgment against the Metropolitan Water District for some $475,000. The water district took an appeal which was pending for several years. In February, 1942, and before that appeal was finally decided, the parties thereto effected a compromise as a result of which a stipulated judgment was entered in February, 1942, giving these defendants $533,390.39 and that amount was paid into court. The plaintiff was paid the amount of his fee, this amount not being disputed, but the defendants refused to pay interest thereon from the date the original judgment was entered. By some arrangement, the court retained $7,500, from the amount paid in, to abide a determination of this plaintiff's claim for interest.

In this action which followed, certain written instruments were introduced in evidence and the plaintiff testified. The defendant Lawrence Holmes did not take the stand and the

testimony of Mrs. Holmes is not material on this appeal. The defendants' contention was and is that no interest was due to the plaintiff under the terms of the contract of employment, and that there was no consideration for any of the later instruments. The court found in all respects in favor of the plaintiff and entered judgment accordingly, and the defendants have appealed.

The contract of employment dated August 1, 1935, was drawn by one of the attorneys representing these appellants in the condemnation action, and was signed by these appellants and by the respondent. So far as material here, it provides that the respondent was to receive $75 a day for his services in the case of the *Metropolitan Water District* v. *Adams et al.* "to be paid when we shall have recovered from the plaintiff in the case the money or damages for our land or dam sites, either in the law suit or by stipulation out of court." The appellants argue that it clearly appears from the language thus used that the compensation was not to be paid until the money for the lands involved was actually received by them. It is argued that the court erroneously interpreted this language as calling for payment of the compensation when judgment was entered. The use of the language "when we shall have recovered . . . the money or damages for our land" suggests that some alternative was in the minds of the parties. The recovery of money is one thing, but the recovery of damages may be different and is ordinarily interpreted as meaning the recovery of a judgment. (*Westinghouse Electric & Mfg. Co.* v. *Chambers,* 169 Cal. 131 [145 P. 1025]; *Cordes* v. *Harding,* 27 Cal.App. 474 [150 P. 650]; *Ferris* v. *Independence Indemnity Co.,* 124 Cal.App. 154 [12 P.2d 148].) The fact that both of these expressions were used in the contract rather clearly indicates an intention that something other than the payment of the money for the land might determine the date when the compensation to the respondent was to be paid. The language thus used is coupled with the further words "either in the law suit or by stipulation out of court." This shows that the parties had in mind the possibility that the case might be settled out of court before a judgment was entered. This may account for the use of the expression "money or damages for our land," since the appellants would naturally recover "money" in the event the case was settled by stipulation before judg-

ment, and would recover "damages," within the usual meaning of that word, if the case was not settled and a judgment was entered. This seems to be a reasonable interpretation of the contract, if not the most reasonable one, and the court was, therefore, free to adopt it.

The least that can be said is that the language of the contract is ambiguous and uncertain and, under such circumstances, under well settled rules, resort may be had to the circumstances surrounding the transaction and the subsequent conduct of the parties for the purpose of discovering the meaning which was intended. In this case these factors, to an unusual degree, support the conclusion that it was intended that the respondent's compensation should become due when a judgment was entered. The appellants owned valuable lands which were being taken by the water district and it was certain that a judgment in a large amount would be recovered by them. That judgment would draw interest from the time it was entered and if the respondent were required to wait for his pay, pending an appeal, it would be normal and natural for the parties to provide for the payment of interest to him since the appellants would normally receive interest on an equivalent amount represented in the judgment.

In view of this general situation the acts of the parties here are peculiarly suggestive. On August 6, 1937, shortly before the respondent's work was completed, the attorney who drew the contract wrote a letter to the respondent expressing pleasure with the results of his work and stating: "After having examined your figures, I am perfectly willing to approve them in the amount that there is due to you now, to wit: $16,900.00 under the contract with Mr. Holmes. . . ." The respondent had borrowed some money from a bank in Riverside in August, 1937. On December 15, 1937, this same attorney addressed a letter to the president of this bank, in which he said:

"Some time ago, I wrote to you giving you the approximate amount due Mr. W. P. Rowe from Mr. Lawrence Holmes for his services in connection with the case of *Metropolitan Water District* v. *Adams et al.,* and inasmuch as the trial of that case is now ended, I wish to state that the amount due Mr. Rowe from Mr. Holmes at the conclusion of that case on or about September 1, 1937, was $17,737.50. This amount

will bear interest at the rate of 7% from the date of the judgment until it is paid.''

This attorney handed this letter to the respondent who took it to Mr. Holmes and asked him to approve it. Mr. Holmes wrote ''O.K.'' on it and signed his name.

About December 1, 1939, the respondent presented to the appellant a form of partial assignment of the judgment that had been obtained against the water district assigning to him an interest in that judgment to the extent of his fee, with interest at the rate of 7 per cent. Mrs. Holmes objected to the assignment, saying she did not know what interest would be allowed them by the court on that judgment and that she wanted to discuss the matter with their other attorney, Mr. Clark. Shortly thereafter, a conversation was held between the respondent, Mr. Holmes and the president of the bank who had loaned money to the respondent. Mr. Holmes then said he was willing to give an assignment but did not want to sign one that mentioned 7 per cent interest because he did not know whether that was the rate of interest, or whether interest was to be paid between the date of taking the property and the date of judgment; that he 'did not know whether he was going to get any interest or not; that this was now a matter of litigation before the courts; and that he wanted to discuss the matter with Mr. Clark. The matter was then taken up with Mr. Clark by both parties, and on January 25, 1940, Mr. Clark wrote a letter to the respondent, in which he said:

''The form of assignment enclosed is entirely satisfactory. I approved it to Mr. Holmes in person last Monday and I think you will have no difficulty in procuring its execution, as it only conforms to your understanding and it is just and proper that you should have it and I do not believe that Mr. and Mrs. Holmes would withhold from you anything which it is just and proper you should have.

''As to interest, there can be no question as to the right to interest from and after the date of judgment. That question has been settled by the courts of this state. The only controversy is as to the right to interest for the period preceding the judgment during which the condemning party had possession of the property. I also believe that that question will be answered in the affirmative. . . .

''I enclose copy for Mr. and Mrs. Holmes.''

The respondent took this letter to the appellants on February 2, 1940, and they stated that they were willing to sign the assignment as they had discussed it with Mr. Clark. The appellants then signed the assignment, which reads:

"For value received, we the undersigned, Lawrence Holmes and Gertrude E. Holmes, his wife, hereby assign, transfer and set over unto W. P. Rowe of San Bernardino, California, as security for the payment to him of Seventeen Thousand Seven Hundred Thirty-seven and 50/100 Dollars ($17,737.50), together with interest thereon at the same rate which the court finally awards assignors on their judgments from the date of entry of judgment, same to be computed from the date of entry of judgment in Action 27011 which was on or about September 1, 1937, an undivided interest equal to said total sum due him in the Judgments heretofore rendered in Actions Nos. 26462 and 27011 in the Superior Court of Riverside County, California, and do hereby authorize and direct payment of said sum to the order of said W. P. Rowe as and when payment of said Judgments shall be made."

The respondent recorded the original of this assignment in the office of the County Recorder of Riverside County, sent a photostatic copy thereof to the Metropolitan Water District, and filed a photostatic copy in the condemnation proceedings in the superior court. The matters above recited support the interpretation placed upon this contract by the trial court and support the conclusion that the intention of these parties was that the compensation should be paid to the respondent when a judgment was entered in the other action, unless the case was settled before judgment in which event payment would have been due when the money for the land was received.

Another consideration is that the appellant Lawrence Holmes, on December 15, 1937, signed what amounts to a direct written agreement to pay interest at 7 per cent on the amount due from the date of the original judgment in the other action. While the appellants have at no time denied that they agreed to pay this interest they now contend that this written promise of December 15, 1937, is void for lack of any consideration and because it was not signed by Mrs. Holmes. This writing clarified the uncertainty in the original contract and reaffirmed that contract by stating the precise amount due. Not only did the consideration for

the original agreement relate and apply to this instrument, but the existence of the prior indebtedness was a sufficient consideration. ▪ The land involved in the condemnation proceeding was community property of the appellants and, in any event, the amount now held in court to cover the judgment in the present action is much less than the interest of Mr. Holmes in the proceeds of the judgment in the other action.

▪ A further consideration is that the assignment of a proportional interest in the judgment in the condemnation action was an executed contract and required no consideration. The appellants argue that this assignment was conditional, with respect to interest, in that they were to pay interest only in the event they should receive interest from the water district, and that they never received any interest on their judgment since the case was settled and final judgment was entered for a stipulated amount. The assignment was not conditioned on the receipt of interest by these appellants, but merely provided for interest which should be at the same rate which was finally awarded the assignors on their judgment. The judgment obtained by appellant became final, after the assignment was made, insofar as an allowance of interest at 7 per cent from the time of taking possession of the property to the date of entry of the judgment is concerned. (*Metropolitan Water Dist.* v. *Adams,* 16 Cal.2d 676 [107 P.2d 618].) This would have covered the interim had there been a new trial. That they would eventually have been entitled to interest at 7 per cent on some amount from the date of the original judgment, under our law, if they had not settled the case, cannot be questioned, and 7 per cent would have been the "rate which the Court finally awards assignors." The court found that the compromise in the other action was made without the consent of this respondent. The appellants could not, by thus settling the case and stipulating to the amount of the final judgment, defeat the rights thus given the respondent by the assignment. Moreover, it does not certainly appear that the appellants did not collect 7 per cent on the amount they received for their lands. While the original award was about $475,000, they settled for and received about $533,000. For all that here appears the settlement agreement may have been based upon an award of some $410,000, with interest at 7 per cent from

the date of the original judgment, making the total amount thus received.

Under the views above expressed certain other points raised require no consideration. There can be no doubt that the appellants intended to and agreed to pay this interest to the respondent, and the evidence and findings amply support the judgment.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 24, 1944. Carter, J., voted for a hearing.