WELCH, DAVISON , O'NEAL, and BINGAMAN, JJ., concur.

DAVIS v. ROWLAND.

No. 34260.    April 1, 1952.

Rehearing Denied July 29, 1952.

*246 P. 2d 376.*

Sigler & Jackson and Paul Frame, Ardmore, for plaintiff in error.

George & George, Ardmore, for defendant in error.

DAVISON, J.   This is a suit brought by Ida May Rowland, as plaintiff, against A. D. Davis and numerous other parties, as defendants, to cancel an outstanding resale tax deed and to quiet her title to a one-half undivided interest in the oil, gas and other minerals underlying a 140-acre tract of land in Carter county, Oklahoma.   It involves the same factual background as cause No. 33872 in this court, styled Davis v. Rowland, 206 Okla. 257, 242 P. 2d 716.

On June 21, 1946, in cause No. 28288, in the district court of Carter county, A. D. Davis obtained a judgment by default, quieting his title to certain real estate, founded upon a resale tax deed, as against Ida May Rowland and her husband, W. H. Rowland, and many other defendants. On September 1, 1948, Ida May Rowland, individually, and as executrix of the estate of W. H. Rowland, filed a motion therein to vacate said judgment as void, because of the invalidity of the service by publication. On September 9, 1948, that motion was sustained and the judgment of June 21, 1946, was vacated. Without staying the effect of the order vacating judg-

20

ment, either by bond or order, A. D. Davis appealed therefrom to this court and the same is numbered 33872 in this court and is above referred to.

Five months before filing the said motion to vacate judgment, and on March 31, 1948, Ida May Rowland, as plaintiff, instituted the instant case in the same district court, seeking to quiet title to a one-half undivided interest in the oil, gas and other minerals underlying the same real estate involved in the other case, as against the said A. D. Davis and many others, as defendants. After his motion to make more definite and certain and his demurrer were overruled, Davis filed answer setting up the judgment of March 21, 1946, in cause No. 28288. By reply, Mrs. Rowland pleaded the same facts and relied upon the same propositions of law that she subsequently incorporated in the motion to vacate judgment which was filed in case No. 28288 as above referred to. After the judgment in that case was vacated, and on February 15, 1949, Mrs. Rowland filed therein a supplemental motion to vacate judgment, based upon the provisions of Title 12 O.S. 1941 §176. The appeal in that case had theretofore, on October 28, 1948, been lodged in this court.

On March 16, 1949, the instant case was called for trial and Davis objected to going to trial for the reason that the same issues were involved as in case No. 28288 which was then pending in this court on appeal opposite No. 33872. His objection was overruled and exception saved. The cause proceeded to trial, resulting in a judgment for plaintiff quieting her title to a one-half undivided interest in the oil, gas and other minerals, underlying said premises, and vacating the judgment in case No. 28288 as to her and her husband. From this judgment, A. D. Davis has perfected this appeal.

Although plaintiff in error argues several assignments of error, only one proposition need be considered. The attack upon the judgment in case No. 28288, made by the motion of Ida May Rowland dated September 1, 1948, was based solely upon jurisdictional grounds. The order made thereon, which vacated the judgment, left that action in the same condition as though a petition had been filed and service of process not yet obtained. The appeal from the order vacating judgment, in the absence of supersedeas bond or order of the trial court or this court staying the effect of that order, did not prevent its operation nor change the situation. In the case of Cusher v. Ricketts, 72 Okla. 168, 179 P. 593, it was said:

" . . . no order of any kind was made staying said proceedings, or no supersedeas bond of any kind given. Therefore the further proceedings in the lower court were not stayed pending the appeal. The appeal from the order sustaining the motion for new trial would not stay the proceedings, unless the party had complied with the statute by obtaining some order to the effect that further proceedings be stayed."

The supplemental motion of February 15, 1949, was, in effect, merely an entry of appearance and application for permission to file answer. That then gave case No. 28288 all the elements and characteristics of a pending action but it was the first time it could be so identified. Therefore, when the instant case was called for trial on March 16, 1949, and Davis objected to going to trial because of the pendency of case No. 28288, he raised the question at the earliest opportunity. The essentials were not existent at the time of filing the demurrer or answer. He went as far as was possible by pleading the judgment in the former case. His objection to going to trial should have been sustained and the case at bar should have been ordered abated. The answer, on appeal, will be considered amended to conform to the evidence in such a situation. Oklahoma Press Pub. Co. v. Gulager, 168 Okla. 245, 32 P. 2d 723. In the last above-cited case, the opinion cites and relies upon the earlier case of Myers v. Garland, 122 Okla. 157, 252 P. 1090, wherein it was held

that where another action is pending between the same parties, involving the same cause or causes of action in a court having jurisdiction of that class or character of action, the same works an abatement of the latter action when the question is properly raised.

That rule seems to be generally followed in all jurisdictions and is applicable to the case at bar.

The judgment is reversed and the cause remanded, with directions to enter an order abating the same in harmony with the views herein expressed.

HALLEY, V. C. J., and GIBSON, JOHNSON, and O'NEAL, JJ., concur.