343 P.2d 1042

ROYAL INDEMNITY COMPANY, a
Corporation, Plaintiff-Appellee,

v.

Joseph W. BOTTONE, Defendant-Appellant.
No. 6586.

Supreme Court of New Mexico.
Sept. 10, 1959.
Rehearing Denied Oct. 2, 1959.

Joseph W. Bottone, pro se.

Sheehan & Duhigg, Albuquerque, for appellee.

McGHEE, Justice.

The controversy before us arose from appellant's appeal from another case in which he was a defendant in the Small Claims Court. After judgment was rendered against appellant in that case he filed an appeal to the District Court and under the provisions of section 16–5–12, 1953 N.M.S.A., applied for a court proceedings bond to be issued by the appellee here, Royal Indemnity Company, to secure the costs of that appeal.

When the transcript of the record was completed, appellant became involved in a dispute with the clerk-reporter of the Small Claims Court who prepared the transcript. The disagreement centered around the contents of the transcript and the fee charged for its preparation. The clerk-reporter refused to transmit the transcript to the District Court until the costs had been paid.

On appellant's refusal to pay the fee demanded, a writ of execution was issued and served on both the appellant and ap-

pellee. Appellee, as surety, paid the costs and brought an action against appellant in the District Court to recover the amount of this payment from the appellant.

The trial court denied appellant's motion to dismiss appellee's complaint for failure to prosecute its claim, gave judgment to appellee on its claim, dismissed appellant's counterclaim for damages for defamation of character and injury to his reputation.

Appellant's first ground for reversal is that the trial court erred in not granting appellant's motion for dismissal of appellee's claim for lack of prosecution because of the absence of officers of the plaintiff corporation at the trial.

There was no error in this ruling. The plaintiff appeared by counsel and it was not necessary that officers of the corporation appear as witnesses or for any other reason since a prima facie case was presented without their testimony. If appellant desired to examine the officers of the corporation he could have called them as witnesses under the provisions of § 20-1-13, 1953 N.M.S.A.

Appellant's next contention is that the appellee cannot recover from him the amount paid on the bond because appellee paid the money without being legally obligated to do so. Appellant's argument here is that: 1. The money was not owing since the appellant himself would not be obligated to pay the money until he lost his appeal and costs were assessed against him; 2. The amount claimed by the clerk-reporter is excessive since more was included in the transcript than was called for by law.

To resolve the issues raised by appellant we must look to those sections of the statutes which relate to appeals.

§ 16-5-5, 1953 N.M.S.A., provides for docketing and other fees in the Small Claims Court. In regard to appeals it states:

"Clerks of the small claims courts shall be entitled to receive the following fees: * * * For making transcripts of appeal or writ of error to the district court and for certifying the same, such fees as are now provided by law."

The section relating to fees as provided by law for transcripts of appeal and writs of error is § 21-2-1(22), 1953 N.M.S.A., which reads as follows:

"3. The clerk of the district court shall be allowed ten (10) cents per folio for making out and certifying the original copy of the record on appeal or writ of error, and three (3) cents per folio for each additional copy thereof required and he shall be allowed $2.00 for certifying the bill of exceptions which may have been furnished by the stenographer, *to be paid by the party suing out the writ of error*

*or taking the appeal.*" (Emphasis ours.)

§ 16–5–12, 1953 N.M.S.A., deals specifically with appeals to the district court, stating:

"Any person aggrieved by any decision of any such small claims court, may appeal to the district court of the county in which such decision has been rendered, or order or judgment made, by filing within thirty (30) days of the entry of same, a motion praying for an appeal; and upon the allowance of same, shall within ten (10) days thereafter, file an appeal bond with two (2) or more sureties, conditioned that such appellant shall prosecute his appeal with diligence and effect and pay all costs of such appeal as shall be lawfully adjudged against him; * * *."

Appellant argues that the term "lawfully adjudged" used in § 16–5–12 precludes collection of costs of the appeal until the cause has been determined in the appellate court and costs have been assessed.

We do not agree. Assuming the correctness of the argument advanced, which we do not concede or decide (See Department of Banking v. Hedges, 136 Neb. 382, 286 N.W. 277, 283) it has no application in the instant case since it affirmatively appears in the record that the appeal from the Small Claims Court had been dismissed and the costs there adjudicated. Upon this happening there can be no question that the liability on the bond arose. Ferris v. Independence Indemnity Co., 1932, 124 Cal.App. 154, 12 P.2d 148; Dusabek v. Bowers, 1936, 178 Okl. 19, 62 P.2d 494.

§ 16–5–12, 1953 N.M.S.A., goes on to enumerate everything which shall be included in the transcript:

" * * * it shall be the duty of the clerk of the small claims court to prepare and forthwith transmit to the *district court of said county all papers, pleadings and records as may have been filed in the case or proceedings, together with a transcript of evidence, the findings and orders, which shall become the record of the cause.* * * *"

The clerk-reporter complied with the statute and the transcript charges were not excessive.

Since appellant was liable in the amount demanded by the clerk-reporter and payment was required on completion of the record, appellee's payment pursuant to its bond after the writ of execution was served on both appellant and appellee was not premature or gratuitous. See, Huffman v. National Surety Co., 1932, 244 Ky. 714, 51 S.W.2d 950; Counelis v. Counelis, 1944, 315 Mass. 694, 54 N.E.2d 177.

Appellant's final contention is that the trial court erred in dismissing appellant's counterclaim and not granting judg-

ment by default because of appellee's failure to appear and contest it.

There is no merit to this contention. Appellant's claim showed no right to relief and the court was correct in dismissing it and, as stated above, appellee appeared by counsel and the presence of its officers was not required.

The judgment of the trial court will be affirmed and it is so ordered.

LUJAN, C. J., and COMPTON, CARMODY and MOISE, JJ., concur.