**A. C. TIPTON, Guardian of the Estate of Joe M. Hampton, a Minor, Plaintiff,**

v.

**John M. BREADY, William B. Pontefract, John F. Golden, Ellen K. Burke, each as Trustees of Oliver G. Kelley, Revocable Trust, a Massachusetts Trust, doing business as O. G. Kelley & Company, and Clyde H. Grindstaff, Defendants,**

and

**The Travelers Indemnity Company, a Corporation, Garnishee.**

No. 5444.

United States District Court
E. D. Oklahoma.

May 18, 1964.

As Amended June 1, 1964.

D. S. MacDonald, Jr., Durant, Okl., for plaintiff.

James W. Batchelor, Durant, Okl., for defendants and garnishee.

BOHANON, District Judge.

This is a diversity action arising out of a garnishment proceeding instituted in the District Court of Bryan County, Oklahoma. Diversity of citizenship exists, and the sum in controversy is in excess of $10,000, exclusive of interest and costs.

The plaintiff here as guardian instituted in the State District Court an action for personal injuries on behalf of Joe M. Hampton, a minor. In the State District Court it was alleged in plaintiff's Petition that Clyde H. Grindstaff was at all times acting as the agent and employee of the remaining defendants, within the scope of his employment, and using and operating a vehicle in furtherance of the business of said employers, and sought judgment against all of the defendants, and each of them, for the use and benefit of said minor, in the sum of $195,520. The plaintiff obtained Judgment in the amount of $118,666 in said State District Court against all of the defendants on June 13, 1963, by a jury verdict. Motions for New Trial in that Court were overruled on July 18, 1963, and the Judgment was appealed to the Supreme Court of Oklahoma, where it is still pending. No supersedeas bond was filed, as provided by 12 O.S.A. § 968.

Execution was issued on this Judgment in State District Court on July 19, 1963, and on the same day was returned by the Sheriff "No property found." Thereafter, on July 30, 1963, garnishment proceedings were commenced in the State District Court and were removed to this Court by Petition for Removal filed on August 20, 1963, which is the subject of this action.

At pretrial conference in this Court held at Muskogee, Oklahoma, on March 17, 1964, it was agreed by counsel:

"Counsel agree that the issue before the Court is whether the garnishment is premature inasmuch as an appeal of the Judgment of the State Court is pending on appeal in the Supreme Court of Oklahoma."

The case was submitted to this Court for disposition upon the pleadings, exhibits, briefs, and pretrial order.

There are two policies of insurance to be considered, both with practically identical provisions. One policy, a family automobile policy, was issued to Clyde H. Grindstaff, 613 Walnut Street, Eliza-

bethton, Tennessee, as the named insured, with coverages for bodily injury of $10,000 for each person, and $20,000 for each occurrence. The second policy is comprehensive automobile liability policy, with the named insured being O. G. Kelley and Company, and the A. T. Stearns Lumber Company, with coverages of $100,000 and $500,000 for bodily injury. Coverage A of the Grindstaff policy provides:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by any person;"

Coverage of the Kelley policy provides:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of any automobile."

The pertinent portion of Paragraph 27 of the Grindstaff policy provides:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy."

The pertinent portion of the O. G. Kelley policy, Paragraph 14, is identical with the pertinent portion of Paragraph 27 of the Grindstaff policy.

It is the contention of the garnishee that these "no action clauses" prohibit proceedings or action against the insurance company until the Judgment upon which the proceeding or action is based has been finally determined, and they argue that since the Judgment of the State District Court is on appeal, although not superseded, it has not been finally determined, and this garnishment proceeding cannot be maintained against the insurance company on either of the policies. The plaintiff contends that inasmuch as the State District Court Judgment has not been superseded the insurance company is directly liable to the plaintiff under Coverage A of each policy and the pertinent portions of Paragraphs 27 and 14 of the policies, supra.

■ The purpose of 12 O.S.A. § 968, providing for a supersedeas bond, is to stay execution or garnishment proceedings pending an appeal. Failure to post a supersedeas bond as provided by the Oklahoma Statutes renders the Judgment subject to execution. In these circumstances liability has been "finally determined." Under Oklahoma law, where an execution is returned with no property of the defendant found, garnishment proceedings are authorized against any person, firm, or corporation indebted to or obligated to the judgment debtors. 12 O.S.A. §§ 847, 863, 1182.

■ The question then is: Is the garnishment proceeding premature, inasmuch as an appeal of the Judgment of the State Court without stay bond is pending in the Supreme Court of Oklahoma?

12 O.S.A. § 968, providing for undertaking to stay execution, in pertinent part provides:

"No proceeding to reverse, vacate or modify any judgment or final order rendered in the county, superior or district court * * * shall operate to stay execution, unless the clerk of the court in which the record of such judgment or final order

shall be, shall take a written undertaking, to be executed on the part of the plaintiff in error, to the adverse party, with one or more sufficient sureties, * * * "

Under the plain, clear, and unambiguous language of this statute, the plaintiff in this garnishment proceeding had the legal right to cause execution to be issued in an effort to satisfy the judgment obtained. After the return of nulla bona on plaintiff's execution, a writ of garnishment is authorized which constitutes a suit in the nature of an action in equity at common law, to reach assets as may not be leviable upon execution, being in effect an independent original action. 12 O.S.A., §§ 847, 863, 1182. See London and Lancashire Indemnity Company of America v. Courtney (10| Cir.), 106 F.2d 277.

By operation of Section 968, supra, the insureds, defendants in the State Court case, became legally obligated to pay as damages the amount of the Judgment. By the clear and explicit terms of Coverage A of both policies of insurance, supra, the insurer agreed "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages * * *." Thus from the statute, Section 968, and the language of Coverage A of the insurance agreements, the insured's obligation so far as this proceeding is concerned has been finally determined, after actual trial, and this Court so holds. To rule otherwise would make Coverage A ineffective pending an appeal, without supersedeas or stay, contrary to the Oklahoma statute authorizing execution in such case.

The authorities are apparently not in accord when an action, or garnishment proceedings, will lie against an insurer after Judgment and after appeal, without stay bond. The apparent conflict lies mostly with the various statutory provisions of the states and in the differing language of the insurance policies. In the case of Dusbabek, et al. v. Bowers, 178 Okl. 19, 62 P.2d 494, the Court held in an action upon a replevin bond that it

was not prematurely brought while an appeal was pending on Judgment in replevin action, where no supersedeas bond was given, since the mere filing of an appeal without the bond does not itself operate as a stay of the Judgment. See also David v. Rowland, 207 Okl. 19, 246 P.2d 376.

Touching upon the question of the right of a judgment creditor to enforce payment of the judgment, pending an appeal without stay, an interesting case is Bierce v. Waterhouse, 219 U.S. 320, 31 S.Ct. 241, 55 L.Ed. 237, wherein the Court held that an action upon a redelivery bond in replevin is not premature where commenced pending appeal. It appeared that one Bierce filed a replevin suit against one Hutchings in the Circuit Court of Hawaii. In order to retain possession of the property sought to be replevined, Hutchings executed a redelivery bond conditioned for a delivery of the property if delivery should be "adjudged" and payment of such sum as might be "recovered." Upon the trial, judgment in favor of Bierce was entered for a return of the property sought, or in default of return that the defendants pay the value of the property. The judgment was appealed. Under the Revised Laws of Hawaii, 1905, §§ 1861, 1864, 1865, the enforcement of a judgment is stayed by an appeal, but it is provided that the court may, pending an appeal, require an additional bond executed, in the nature of our appeal bond, guaranteeing satisfaction of the judgment. If such order be made, execution may issue upon the judgment unless the bond is filed. Pending appeal Bierce obtained an order for Hutchings to give such bond. This he failed to do. Execution thereupon issued and was returned unsatisfied. Thereafter, and while the appeal was still pending, action was brought upon the original redelivery bond for the value of the property. It was claimed that the action on the bond was premature because started during the pendency of the appeal in the replevin suit. The court held that the appeal did not annul the judgment, and, since Hutchings fail-

ed to execute the second bond, an immediate suit upon the redelivery bond was authorized. It would follow that, in the absence of a stay bond on appeal, a cause of action in favor of a defendant upon a delivery bond would accrue immediately upon the entry of judgment in his favor in the trial court.

The right to maintain an action, or sustain an execution or garnishment after judgment, after appeal, but with no stay bond given, is maintainable against an insurer. Ohio Casualty Insurance Company v. Gantt, 256 Ala. 262, 54 So. 2d 595; Cassidy v. Southern Farm Bureau Casualty Insurance Company (Ark.), 135 F.Supp. 757.

The Judgment in the State Court at the time of the institution of the garnishment proceedings, which are now before this Court, was one then, and is now presently collectible, and is one "finally determined" by actual trial, although on appeal without stay bond. That Judgment is a complete one, collectible by all means provided by law, and the garnishee in this case agreed "to pay on behalf of the insured all sums which the insured shall be legally obligated to pay * * *." The insurer took the calculated risk of being required to pay the Judgment in this case, by taking an appeal without bond, or procuring a reversal or modification of the Judgment. Should the insurer be required to pay under the circumstances here revealed, and the State Court Judgment reversed or modified, it would have its rights for restitution or recoupment. Likewise, the plaintiff by proceeding to enforce collection of the Judgment encounters the calculated risk of having to make restitution. The insurance carrier in this case chose, at its own option and risk, not to provide or require a stay bond, and under the provisions of its policies and the State statutes, supra, it is in no position to maintain that the garnishment proceedings, the subject of this suit, were prematurely brought.

Having found and concluded as above set forth, Judgment will be entered in favor of the plaintiff, against the garnishee, The Travelers Indemnity Company, a corporation, for the total coverage under both policies of insurance above referred to in the sum of $110,000, together with interest thereon at 6 per cent per annum from June 13, 1963, and the costs of this action.